UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| LEROY SMITH and DENNIS NASH individually and on behalf of all other persons similarly situated, | |
| Plaintiffs, | CIVIL ACTION |
| vs. | No. 3:12-cv-00449-MMH-TEM |
| BULLS-HIT RANCH AND FARM, THOMAS R. LEE, and RONALD UZZLE, | CLASS ACTION |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION
TO JOIN A PLAINTIFF AND TO AMEND THE COMPLAINT**

Plaintiffs have moved the Court for an order permitting joinder of Alfonso Grant as a plaintiff in this action, pursuant to Fed. R. Civ. P. 20, and to amend the complaint pursuant to Fed. R. Civ. P. 15(a)(1)-(2). A copy of plaintiffs' proposed First Amended Complaint accompanies the motion.

**I.   BACKGROUND**

Plaintiff migrant farmworkers, Leroy Smith and Dennis Nash, filed the complaint in this action on April 23, 2012, against farm labor contractor Ronald Uzzle and agricultural employers Thomas R. Lee and Bulls-Hit Ranch and Farm. The complaint seeks to recover damages for defendants' violations of minimum wage provisions of federal and state law, federal migrant agricultural worker protection laws, and federal labor trafficking laws. Defendants Lee and Bulls-Hit have entered into a settlement agreement that would resolve all of the plaintiffs' claims

against them, as well as identical claims of a worker, Alfonso Grant, who was not named in the complaint as originally filed. The settlement agreement contemplates joinder of Mr. Grant before the proposed settlement is submitted for review by this court, and counsel for Lee and Bulls-Hit has consented to joinder of Mr. Grant and amendment of the complaint.

Plaintiffs have not been able to personally serve Defendant Uzzle with the summons and complaint.  Pursuant to the court's order of July 12, 2012 (ECF No. 9), plaintiffs sought to have Uzzle served under substituted service of process provisions of 29 U.S.C § 1812(5) and 29 C.F.R. § 500.216 (substituted service of process upon the U.S. Secretary of Labor).  Plaintiffs have not determined whether such substituted service of process has been effected, but regardless of the status of such service, Uzzle has not answered the complaint nor made any other effort to communicate with plaintiffs.

The proposed First Amended Complaint would add Mr. Grant as a plaintiff.  In addition, the class claims against defendant Uzzle under the federal migrant agricultural worker protection laws would include claims of workers whom Uzzle contracted to furnish to any agricultural employers in the relevant period, not just those whom Uzzle furnished to Lee and Bulls-Hit.  See First Claim for Relief, First Amended Complaint.  The proposed First Amended Complaint makes no substantive changes to any of the claims against defendants Lee and Bulls-Hit.

## II.    JOINDER

**A.    Legal Standard**

Fed. R. Civ. P. 20 governs permissive joinder.  The federal courts "employ a liberal approach to permissive joinder of claims and parties in the interest of judicial economy: 'Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir. 2000) (quoting *United Mine*

*Workers v. Gibbs*, 383 U.S. 715, 724 (1966).  The permissive joinder rule serves "to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Alexander*, 207 F.3d at 1323.

>Rule 20 provides that persons may join an action as plaintiffs if:
>
>(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(1)(A)-(B).  With regard to the first prong, a "transaction or occurrence" generally consists of "all 'logically related' events entitling a person to institute a legal action against another." *Alexander*, 207 F.3d at 1323 (quoting *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir.1974)). As for the second prong, "Rule 20 does not require that all questions of law and fact raised by the dispute be common, but only that some question of law or fact be common to all parties." *Alexander*, 207 F.3d at 1324.

**B.     Joinder is Proper Because the Claims of the Proposed Additional Party Are the Same as Those of the Existing Plaintiffs**

In *Harris v. Johns*, 2007 U.S. Dist. LEXIS 57636 (M.D. Fla. Aug. 8, 2007), five migrant farmworkers sought to join an existing action against their former employer.  The court found that the farmworkers met both prongs of Rule 20, and that their joinder as plaintiffs was thus proper, where the farmworkers brought identical claims against the same defendants for the same time period.  *Harris*, 2007 U.S. Dist. LEXIS 57636 at *7-11.

Joinder of Alfonso Grant as a plaintiff in this case satisfies the standard under Fed. R. Civ. P. 20 and pertinent caselaw.  The claims of the proposed plaintiff are the same as those of the two current named plaintiffs, and are based on the same underlying facts.  Defendant Ronald Uzzle, a farm labor contractor for defendants, recruited Mr. Grant from a homeless shelter in Jacksonville, Florida to work at defendant Lee's and Bulls-Hit's potato grading operations in

Hastings, Florida, during the 2009 potato season, the same season that one of the two current plaintiffs worked.  As with the current plaintiffs, defendants are alleged to have cheated Mr. Grant of wages and otherwise committed violations of the federal and state minimum wage laws, federal migrant agricultural worker protection laws, and federal labor trafficking laws.

Because Mr. Grant alleges identical claims, based on the same facts, against the same defendants, for the same time periods, the court should grant this unopposed motion to join him as a plaintiff in this action

### III.     AMENDMENT OF COMPLAINT

Plaintiffs move to amend the complaint in this action.  Fed. R. Civ. P. 15(a)(2) provides that a party may amend pleadings with the opposing party's consent or with leave of the court. Plaintiffs' counsel has conferred with counsel for defendants Lee and Bulls-Hit and has obtained their consent to join Mr. Grant as a plaintiff in this case and to amend the complaint.

As to defendant Ronald Uzzle, plaintiffs have not been able to effect personal service of the summons and complaint, and have not otherwise had any opportunity to communicate with Uzzle regarding this case.  Pursuant to the court's order of July 12, 2012 (ECF No. 9), plaintiffs have sought to effect substituted service of process upon the U.S. Secretary of Labor under the provisions of 29 U.S.C § 1812(5) and 29 C.F.R. § 500.216.  In this regard, plaintiffs have sought to serve upon the Secretary, by certified mail dated August 1, 2012, copies of the summons and complaint, and are currently awaiting the Secretary's acknowledgment and acceptance of such service.  Fed. R. Civ. P. 15(a)(1)(A) provides that a party may amend its pleading once as a matter of course within 21 days after serving the pleading.  If, absent the Secretary's acknowledgment and acceptance of substituted service, Uzzle has not yet been served, the complaint may be amended without Uzzle's consent.

Alternatively, should service on the Secretary be deemed to have been effective upon plaintiff's August 1, 2012, certified mailing of the complaint and summons, leave of court is requested to amend the complaint pursuant to Fed. R. Civ. P. 15(a)(2).  Leave to amend "shall be freely given," absent circumstances of bad faith of the moving party, prejudice to an opposing party, or in which amendment causes undue delay or is sought in futility.  *Staaldam Beheer B.V. v. ASAP Installations, LLC*, 2010 U.S. Dist. LEXIS 67333, 3-4 (M.D. Fla. June 16, 2010), citing *Grayson v. K Mart Corp.,* 79 F.3d 1086, 1109 (11th Cir. 1996).  As no such circumstances exist in this case, leave to amend should be granted.

        Respectfully submitted,

        /s/ Gregory S. Schell

        Gregory S. Schell (Florida bar No. 287199)
        FLORIDA LEGAL SERVICES, INC.
        MIGRANT FARMWORKER JUSTICE PROJECT
        508 Lucerne Avenue
        Lake Worth, Florida 33460-3819
        561-582-3921 (telephone)
        561-582-4884 (facsimile)
        greg@floridalegal.org

        Weeun Wang
        FARMWORKER JUSTICE
        1126 16th Street NW, Suite 270
        Washington, DC 20036
        202-293-5420 (telephone)
        202-293-5427 (facsimile)
        wwang@farmworkerjustice.org

        Attorneys for Plaintiffs