**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LEROY SMITH and DENNIS NASH,
individually and on behalf of all other
persons similarly situated,

    Plaintiffs,

vs.                                                                              CASE NO. 3:12-cv-449-J-34TEM

BULLS-HIT RANCH AND FARM,
THOMAS R. LEE, and RONALD UZZLE,

    Defendants.

_____

## O R D E R

This matter is before the Court on Plaintiffs' Unopposed Motion to Join a Plaintiff and to Amend the Complaint (Doc. #12, "Motion"), filed October 8, 2012. Plaintiffs seek leave to join Alfonso Grant as a plaintiff in this case and "to amend the complaint accordingly." Motion at 1. Plaintiffs' counsel avers counsel for Bulls-Hit Ranch and Farm ("Bulls-Hit") and Thomas R. Lee ("Lee") have consented to the joinder and the amendment of the complaint.[1] Motion at 2. Further, Plaintiffs' counsel advises it has been unable to ascertain if substituted service of process has been effected upon Defendant Ronald Uzzle, who has not been personally served in this case. *See id.* Review of the Motion and the proposed amended complaint reveals Plaintiffs seek to expand the scope of this purported class action to include "claims of workers whom Uzzle contracted to furnish to any agricultural

---

[1] Plaintiffs' counsel also states that Defendants Lee and Bulls-Hit have entered into a settlement agreement that would resolve all of the plaintiffs' claims against them, as well as identical claims of a worker, Alfonso Grant." Motion at 1-2.

employers in the relevant period, not just those whom Uzzle furnished to Lee and Bulls-Hit."

*Id.*

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15; *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the language of the *Foman* Court,

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182. Here, the Court finds Plaintiff's Motion (Doc. #12) not to be in bad faith, for purposes of delay, or for any suspect reason stated above. Thus, the Court will grant the sought relief.

Plaintiffs in this case represent they intend the litigation to proceed as a class action, albeit litigation in which the class has yet to be certified. When the representative plaintiffs seek to enlarge the scope of the class from that which was originally pled, courts often have found the amended complaint will not relate back to the original complaint. *See Krinsk v. Suntrust Banks, Inc.*, 654 F.3d 1194, 1203 (11th Cir. 2011) (finding that when the amended complaint greatly broadened the scope of the litigation, the defendant would be unfairly prejudiced such that the defendant would be permitted to rescind its earlier waiver to compel arbitration under the involved arbitration agreement); *Senterfitt v. Suntrust Mortgage, Inc.*, 385 F. Supp. 2d 1377, 1379-81 (S.D. Ga. 2005) (finding the second amended complaint did not relate back because the defendant would be unfairly prejudiced by having to expand its defense to encompass the scope of the larger class). Here, the

Court advises counsel that the granting of this Motion does not speak to whether the amended complaint may relate back to the original complaint (Doc. #1).

Upon due consideration, it is hereby **ORDERED:**

1. Plaintiffs' Unopposed Motion to Join a Plaintiff and to Amend the Complaint (Doc. #12) is **GRANTED.**

2. The Clerk is directed to file the proposed "First Amended Complaint for Damages, Declaratory Relief, and Injunctive Relief," which may be found at Docket Entry 12-2.

3. If this case is not resolved as to Defendants Lee and Bull-Hit beforehand, said Defendants shall respond to the First Amended Complaint by November 9, 2012.

4. Plaintiffs' counsel is directed to send a copy of this Order with the First Amended Complaint to Defendant Ronald Uzzle at his last known address by certified U.S. Mail, with return receipt requested, and thereafter file notice with the Court verifying same.[2]

5. Defendant Ronald Uzzle shall file a responsive pleading to the First Amended Complaint not later than November 9, 2012.

**DONE AND ORDERED** at Jacksonville, Florida this 18th day of October, 2012.

Copies to all counsel of record
    and *pro se* parties, if any

THOMAS E. MORRIS
United States Magistrate Judge

---

[2] Whether Defendant Uzzle has been properly served the summons and the original complaint is not addressed by this Order.