UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| LEROY SMITH, DENNIS NASH, and ALFONSO GRANT, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BULLS-HIT RANCH AND FARM, THOMAS R. LEE, and RONALD UZZLE,<br><br>Defendants. | CIVIL ACTION<br><br>No. 3:12-cv-00449-MMH-TEM<br><br>CLASS ACTION |

## AGREEMENT OF SETTLEMENT AND RELEASE

### I.   Parties

1. The parties to this Agreement of Settlement and General Release are Defendants Thomas R. Lee ("Lee") and Bulls-Hit Ranch and Farm ("Bulls-Hit") and Plaintiffs Leroy Smith, Dennis Nash, and Alfonso Grant.

### II.   Recitals

2. This Agreement is made with respect to Plaintiffs' claims against Lee and Bulls-Hit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, Article X § 24 of the Florida Constitution, as implemented by the Florida Minimum Wage Act, Fla. Stat. § 448.110 *et seq.*, the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 *et seq.*, and the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1581, as set forth in the First Amended Complaint in this action (hereafter, "Complaint").

3. In making this Agreement, is the intention of the Parties to settle and dispose of any and all claims, demands, and causes of action of the Plaintiffs in this action, as described in paragraph 2, above.

### III. Payment

4. In consideration of Plaintiffs' agreement to settle and release all of the above-described claims, demands, and causes of action:

   a. Lee and Bulls-Hit agree to pay to each of the Plaintiffs the sum of $2,500 in back wages under the FLSA and $2,500 in liquidated damages under the FLSA, for a total of $5,000. These amounts reflect a negotiated resolution of disputed facts as to the total number of hours that plaintiffs worked for Lee and Bulls-Hit and the amounts that were allegedly unlawfully deducted or taken back from plaintiffs' wages.

   b. The parties agree Lee's and Bulls-Hit's payment of the amounts specified above in paragraph 4.a. of this Agreement concurrently satisfy all claims for damages that Plaintiffs have made under the Florida minimum wage laws, the AWPA, and the TVPRA.

   c. The parties agree that upon the Court's approval of the terms of this Agreement, they will seek the Court's determination of the costs for this action and reasonable attorney's fees to be paid by Lee and Bulls-Hit pursuant to 29 U.S.C. § 216(b), based upon cost and fee information to be submitted by Plaintiffs and any cost or fee related facts or circumstances that Lee and Bulls-Hit may wish to submit.

5. Lee and Bulls-Hit agree to tender the sums specified above no later than seven days after the Court's approval of the terms of this Agreement.

## IV. Lee and Bulls-Hit Labor Practices

6. In consideration of Plaintiffs' agreement to settle and release all of the above-described claims, demands, and causes of action, Lee and Bulls-Hit agree to the following terms relating to the employment of workers engaged in any planting, cultivating, harvesting, packing or processing of any agricultural products (hereafter, "agricultural employment"), at any agricultural operations owned, controlled, or operated by Lee, Bulls-Hit, or any of Bulls-Hit's owners, principals, affiliates, subsidiaries, or successors (hereafter, "Bulls-Hit operations").

7. With respect to the payment of wages to workers employed directly or indirectly in agricultural employment at any Bulls-Hit operations, such workers will be paid directly by the Bulls-Hit operation rather by any labor contractor or other non-Bulls-Hit intermediary.

8. Wages paid to workers pursuant to paragraph 7, above, will be made (a) in the form of checks payable to the workers, rather than in cash, and (b) no deductions will be made in any such checks other than deductions required by law.

9. Neither Lee nor Bulls-Hit, nor any Bulls-Hit operation, will employ (a) Ronald Uzzle, (b) Ronald "Too Tall" Jones, (c) any agent, employee, or other representative of Uzzle or Jones, (c) any labor contractor not registered by the United States Department of Labor, or (d) any labor contractor who has been the subject of any judgment or any negative judicial or administrative findings with respect to any violations of federal or state minimum wage or wage payment laws, migrant worker protection laws, labor trafficking laws, or usury or other laws governing the lending or money or extension of credit.

10. For the purpose of monitoring compliance with the preceding provisions, Lee and Bulls-Hit agree to ensure that all Bulls-Hit operations will reasonably cooperate with work-site

visitations with workers by legal outreach personnel.

11. Lee and Bulls-Hit will (a) give notice of these terms to any and all of Bulls-Hit's owners, principals, affiliates, subsidiaries, or successors engaged in any farming operations by providing each such entity with a copies of this Agreement and the Complaint in this action, and (b) require each such entity to comply with all the terms set forth in paragraph 6 through 10 of this Agreement.

## V. Release

12. In consideration of Lee and Bull-Hit's payment of the sums specified in Section III of this Agreement and their agreement to comply with the terms set forth in Section IV of this Agreement, Plaintiffs: (a) release Lee and Bulls-Hit, and any of their successors and assigns, from any and all claims, demands, and causes of action described in Section II of this Agreement; (b) will not file, instigate, or otherwise pursue any other civil or administrative claims against Lee or Bulls-Hit or any of their successors or assigns in connection with any and all claims, demands, and causes of action described in Section II of this Agreement.

## VI. Court Approval and Miscellaneous

13. This Agreement is made subject to approval of the Court in this action. All terms of the Agreement will become effective immediately upon the Court's approval.

14. The parties agree that this Agreement shall be admissible by any party in any court of competent jurisdiction for the purpose of enforcing its terms.

15. This Agreement shall be deemed to have been executed and delivered within the state of Florida, and the rights of the parties hereto shall be construed and enforced in accordance with and governed by the laws of the state of Florida.

This Agreement is made and entered into on the dates indicated below:

Counsel for Thomas R. Lee and Bulls-Hit Ranch and Farm:

Date: 8/30/12

James L. Padgett
113 N. 4th Street, No. 2
Palatka, FL 32177

Counsel for Leroy Smith, Dennis Nash, and Alfonso Grant:

Date: 9/5/2012

Weeun Wang
Farmworker Justice
1126 16th Street NW, Suite 270
Washington, DC, 20036

Gregory S. Schell
Florida Legal Services, Inc.
Migrant Farmworker Justice Project
508 Lucerne Avenue
Lake Worth, FL 33460-3819

8/30/12 →

Thomas R Lee
VICE-PRESIDENT
"Bulls-Hit" Ranch + Farm

-5-