UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| LEROY SMITH, DENNIS NASH, and ALFONSO GRANT, individually and on behalf of all other persons similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> BULLS-HIT RANCH AND FARM, THOMAS R. LEE, and RONALD UZZLE, <br><br> Defendants. | CIVIL ACTION <br><br> No. 3:12-cv-00449-MMH-TEM <br><br> CLASS ACTION |

**MEMORANDUM IN SUPPORT OF JOINT MOTION
FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiffs Leroy Smith, Dennis Nash, and Alfonso Grant and defendants Thomas R. Lee ("Lee") and Bulls-Hit Ranch and Farm ("Bulls-Hit") (collectively, "the parties") have jointly requested that the Court approve the parties' Settlement Agreement and Release ("Settlement Agreement") in this case. A copy of the proposed Settlement Agreement accompanies the motion. Because the plaintiffs' claims in this case include claims arising under the minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 – 219, the proposed Settlement Agreement must be approved by the Court.

**I.      Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 16(c) of

the FLSA, 29 U.S.C. § 216(c), allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the United States Secretary of Labor. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.* In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA case suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the litigation in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354. As discussed below, the proposed terms of settlement in this case are such that the Court may grant approval.

## II. The Proposed Settlement

Defendants Lee and Bulls-Hit own or control potato farming and packing operations in St. Johns County, Florida. Plaintiffs are migrant farmworkers who worked for Lee and Bulls-Hit in either the 2009 or 2010 potato harvest seasons. Plaintiffs brought this action against Lee and Bulls-Hit, as well as against a third defendant – farm labor contractor Ronald Uzzle – who is not a party to the proposed Settlement Agreement. The suit seeks to recover back wages and

damages from violations of the FLSA and other applicable federal and state laws arising out of their employment by the defendants. This action is adversarial in nature and plaintiffs are represented by experienced counsel.

The parties agree that this case involves disputed issues. With respect to the FLSA claims, the disputed matters include the hours and periods of time worked by the plaintiffs and the amounts of money alleged to have been unlawfully deducted or taken from plaintiffs' wages. To resolve these issues, the parties have agreed for settlement purposes that each plaintiff regularly worked 40-hour workweeks for defendants; that they worked such hours throughout a two-month period that is typical of the potato harvest season in any given year; and that all wages earned by the plaintiffs over this period were consumed by unlawful deductions or take-backs. Under these agreed-upon conditions, the total amount of FLSA back wages due to each of the plaintiffs is within the agreed-upon settlement figure of $2,500. With an equal amount for liquidated damages under 29 U.S.C. § 216(b), the proposed settlement provides that each plaintiff will receive a total of $5,000 to resolve the FLSA claims. Proposed Settlement Agreement ¶ 4.a.

### III. Reasonable Attorney's Fees and Costs of the Action

In actions brought under the FLSA, "the court shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In the proposed settlement, the parties have not come to agreement on costs and reasonable attorney's fees to be paid by defendants Lee and Bulls-Hit. Rather, subject to the Court's approval of the proposed terms, the parties will seek the Court's determination of costs and attorney's fees, based on cost and fee information to be submitted by plaintiffs and any such information that Lee and Bulls-Hit may wish to submit. Proposed

Settlement Agreement ¶ 4.c.  Upon the Court's approval of the proposed settlement, the parties will submit a request for the Court's determination of fees and costs as soon as practicable.

### IV. Conclusion

For the reasons stated above, the parties jointly and respectfully request that this Court approve the proposed Settlement Agreement.

Respectfully submitted,

/s/ *Weeun Wang*                                             /s/ James L. Padgett
_____     _____
Weeun Wang                                                      James L. Padgett
FARMWORKER JUSTICE                                 113 N. 4th Street, No. 2
1126 16th Street NW, Suite 270                       Palatka, FL 32177
Washington, DC 20036                                      386-325-2667 (telephone)
202-293-5420 (telephone)                                 386-325-8754 (facsimile)
202-293-5427 (facsimile)                                   padgettlaw1@aol.com
wwang@farmworkerjustice.org

Gregory S. Schell (Florida bar No. 287199)       Counsel for Defendants Lee and Bulls-Hit
FLORIDA LEGAL SERVICES, INC.
MIGRANT FARMWORKER JUSTICE
PROJECT
508 Lucerne Avenue
Lake Worth, Florida 33460-3819
561-582-3921 (telephone)
561-582-4884 (facsimile)
greg@floridalegal.org

Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2012, I caused the foregoing document to be served by certified mail to the following persons:

James Padgett
113 N 4th St
Palatka, FL, 32177
Counsel for Defendants Bulls-Hit Ranch and Farm and Thomas R. Lee

Ronald Uzzle
3480 County Rd. 13 South
Elkton, FL 32033

DATED this 25th day of October, 2012

> */s/ Weeun Wang*
> Weeun Wang
> FARMWORKER JUSTICE
> 1126 16th Street NW, Suite 270
> Washington, DC 20036
> 202-293-5420 (telephone)
> 202-293-5427 (facsimile)
> wwang@farmworkerjustice.org