UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

_____
                                    )
LEROY SMITH, DENNIS NASH, and       )
ALFONSO GRANT,                      )
                                    )
individually and on behalf of       )
all other persons similarly situated, )
                                    )
            Plaintiffs,             )   CIVIL ACTION
                                    )
vs.                                 )   No. 3:12-cv-00449-MMH-TEM
                                    )
BULLS-HIT RANCH AND FARM,           )   CLASS ACTION
THOMAS R. LEE, and RONALD UZZLE,    )
                                    )
            Defendants.             )
_____)

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed. R. Civ. P. 26(f) and Local Rule 3.05(c):

| Deadline or Event | Agreed Date |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1))** [Court recommends 30 days after CMR meeting] | January 10, 2013 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [all parties are directed to complete and file] | |
| **Motions to Add Parties or to Amend Pleadings** | May 31, 2013 |
| **Disclosure of Expert Reports** Plaintiff:    Not anticipated  Defendant:    Not anticipated [Court requires 4 months or more before trial term begins] | |
| **Discovery Deadline** [Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | April 26, 2013 |
| **Dispositive and Daubert Motions** | May 31, 2013 |
| **Trial Term Begins** [Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term must not be less than 4 months after dispositive motions deadline (unless filing of such motions is waived). Trials before the District Judge will generally be set on a rolling trial term toward the beginning of each month, with a Final Pretrial Conference to be set by the Court the preceding month. If the parties consent to trial before the Magistrate Judge, they will be set for a date certain after consultation with the parties] | October 2013 |

| **Estimated Length of Trial** [trial days] | No more than two weeks |
|---|---|
| **Jury / Non-Jury** | Jury |
| **Mediation** Deadline: Mediator: Parties have not yet agreed upon a mediator. Address: Telephone: [Mediation is mandatory in most Track Two cases; Court recommends either 2 – 3 months after CMR meeting, or just after discovery deadline; if the parties do not so designate, the Court will designate the mediator and the deadline for mediation. A list of certified mediators is available on the Court's website and from the Clerk's Office.] | April 26, 2013 |
| **All Parties Consent to Proceed Before Magistrate Judge** | Yes |

## I. Meeting of Parties

Lead counsel shall meet in person or, upon agreement of all parties, by telephone. (If all parties agree to conduct the case management conference by telephone, they may do so without filing a motion with the Court.) Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a telephone conference was held on _December 10, 2012_ (date) at _1:00 pm_ (time) and was attended by:

    Weeun Wang        Counsel for plaintiffs

    Gregory S. Schell    Counsel for plaintiffs

    James Padgett       Counsel for defendants Bulls-Hit and Thomas R. Lee

    Ellis Peetluk        Counsel for defendant Ronald Uzzle

## II. Preliminary Pretrial Conference

Parties (check one) [__] request [_X_] do not request a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case.

## III. Pre-Discovery Initial Disclosures of Core Information

Fed. R. Civ. P. 26(a)(1)(A) - (D) Disclosures

The parties (check one) [__] have exchanged [_X_] agree to exchange information described in Fed. R. Civ. P. 26(a)(1)(A) - (D) on or by _January 10, 2013_ (date).

## IV.  Agreed Discovery Plan for Plaintiffs and Defendants

A. **Certificate of Interested Persons and Corporate Disclosure Statement**

This Court makes an active effort to screen every case in order to identify parties and interested corporations in which the assigned judge may be a shareholder, as well as for other matters that might require consideration of recusal. Therefore, each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee shall file and serve within fourteen (14) days from that party's first appearance a Certificate of Interested Persons and Corporate Disclosure Statement using the attached mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. All papers, including emergency motions, are subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately. Each party has a continuing obligation to file and serve an amended Certificate of Interested Persons and Corporate Disclosure Statement within eleven days of 1) discovering any ground for amendment, including notice of case reassignment to a different judicial officer; or 2) discovering any ground for recusal or disqualification of a judicial officer. A party should not routinely list an assigned district judge or magistrate judge as an "interested person" absent some non-judicial interest.

B. **Discovery Plan/Deadline**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette.  See Local Rule 3.03 (e). In propounding and responding to discovery, the parties are directed to consult and comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, and the Middle District of Florida's Discovery

Handbook. Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. The parties have not reached any addition discovery agreements.

**C.      Confidentiality Agreements/Motions to File Under Seal**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon motion and order entered under Local Rule 1.09.  The parties may reach their own agreement (without Court endorsement) regarding the designation of materials as "confidential." The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. See Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need."

**D.      Disclosure or Discovery of Electronically Stored Information and
         Assertion of Claims of Privilege**

The parties have not reached any agreement pursuant to Fed. R. Civ. P. 26(f)(3) regarding the disclosure and discovery of electronically stored information or the assertion of claims of privilege or protection of trial preparation materials after production.

**V.      Mediation**

Absent a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed to the date stated in the table above as the last date for mediation.  The parties <u>have not</u>

yet agreed on a mediator from the Court's approved list of mediators as set forth in the table above. The list of mediators is available from the Clerk, and is posted on the Court's web site at www.flmd.uscourts.gov. If the parties do not so designate, the Court will designate the mediator and the deadline for mediation.

**VI. Requests for Special Handling**

The parties have no requests for special consideration or handling at this time.

Respectfully submitted,

Date: January 4, 2013

/s/ Gregory S. Schell

Gregory S. Schell (Florida bar No. 287199)
FLORIDA LEGAL SERVICES, INC.
MIGRANT FARMWORKER JUSTICE
PROJECT
508 Lucerne Avenue
Lake Worth, Florida 33460-3819
561-582-3921 (telephone)
561-582-4884 (facsimile)
greg@floridalegal.org

/s/ Weeun Wang

Weeun Wang
FARMWORKER JUSTICE
1126 16th Street NW, Suite 270
Washington, DC 20036
202-293-5420 (telephone)
202-293-5427 (facsimile)
wwang@farmworkerjustice.org

Counsel for Plaintiffs

/s/ James L. Padgett

James L. Padgett
113 N. 4th Street, No. 2
Palatka, FL 32177
386-325-2667 (telephone)
386-325-8754 (facsimile)
padgettlaw1@aol.com

Counsel for Defendants Lee and Bulls-Hit

/s/ Ellis Peetluk

Ellis Peetluk
THE PEETLUK FIRM, P.A.
220 E. Forsyth Street, Suite 222,
Jacksonville, FL 32202
904-355-0700 (telelphone)
904-632-0060 (facsimile)
epeetluk@bellsouth.net

Counsel for Defendant Ronald Uzzle

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

|  |  |
|---|---|
| LEROY SMITH, DENNIS NASH, and ALFONSO GRANT, individually and on behalf of all other persons similarly situated, | |
| Plaintiffs, | CIVIL ACTION |
| v. | No. 3:12-cv-00449-MMH-TEM |
| BULLS-HIT RANCH AND FARM, THOMAS R. LEE, and RONALD UZZLE, | CLASS ACTION |
| Defendants. | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 4, 2013, I caused the foregoing Case Management Report to be served via the court's ECF filing system, U.S. mail, and/or electronic mail, on the following counsel of record:

Mr. James Padgett
113 N 4th St
Palatka, FL 32177
padgettlaw1@aol.com

Mr. Gregory S. Schell
508 Lucerne Avenue
Lake Worth, Florida 33460-3819
greg@floridalegal.org

Mr. Ellis Peetluk
13820 St. Augustine Rd., Suite 113-284
Jacksonville, FL 32258
ellispeetluk@mac.com

Respectfully submitted this 4th day of January, 2013,

/s/ Weeun Wang
Weeun Wang
FARMWORKER JUSTICE
1126 16th Street NW, Suite 270
Washington, DC 20036
202-293-5420 (telephone)
202-293-5427 (facsimile)
wwang@farmworkerjustice.org