## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

LEROY SMITH and DENNIS NASH,
ALFONSO GRANT,
individually and on behalf of all other
persons similarly situated,

       Plaintiffs,

vs.                                 CASE NO. 3:12-cv-449-J-34TEM

BULLS-HIT RANCH AND FARM,
THOMAS R. LEE, and RONALD UZZLE,

       Defendants.

_____

### REPORT AND RECOMMENDATION[1]

    This case comes before the Court on referral from the Honorable Marcia Morales Howard for issuance of a report and recommendation on the Joint Motion for Approval of [the] Settlement Agreement (Doc. #18, "Joint Motion").  The parties seek the Court's approval because the settlement in substantive part is a resolution disputes over issues regarding the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").  A telephonic hearing on this matter was held by the undersigned on January 10, 2013 (*see* Doc. #34, Clerk's Minutes).[2]

_____

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

[2] The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

Counsel for Plaintiffs Leroy Smith, Dennis Nash and Alfonso Grant ("Smith, Nash and Grant"), and counsel for Defendants Bulls-Hit Ranch and Farm ("Bulls-Hit") and Thomas R. Lee, were present for the telephonic hearing. The settlement agreement before the Court pertains to these parties only.[3]  Counsel answered a number of the Court's questions, providing argument regarding the respective positions of their clients. For the reasons stated herein, the undersigned will **RECOMMEND** that the District Court grant the parties' Joint Motion and approve the parties' Agreement of Settlement and Release (Doc. #18-1, "Settlement") as a fair and reasonable resolution of *bona fide* FLSA disputes.

## Pertinent Background

Plaintiffs Smith and Nash originally brought suit, alleging *inter alia* minimum wage violations under the FLSA (Doc. #1, Complaint at 1, 6-10).  In the Complaint, Plaintiffs Smith and Nash alleged Defendants violated their fundamental employment rights and benefits under federal and state laws, through illegal labor recruiting, illegal employment practices and human trafficking activities.  *See id.*  On October 8, 2012, Plaintiff Alfonso Grant opted-in to join a proposed class of persons similarly situated (*see* Doc. #12).  The Complaint was subsequently amended to add Grant and to expand the scope of the purported class of workers whom Defendant Ronald Uzzle (Uzzle") contracted to furnish to agricultural employers in the relevant period (*see generally*, Doc. #17, Amended Complaint).

---

[3] Counsel for Defendant Ronald Uzzle entered an appearance on November 6, 2012 (Doc. #23).  To date, the record does not reflect any action by Uzzle in this case other than to request an enlargement of time to respond to the Amended Complaint through December 10, 2012 (*see* Docs. #24, #25).  Uzzle's responsive pleading has not been filed.

Defendant Bulls-Hit is a Florida corporation reportedly owned or controlled, in whole or in part, by Defendant Thomas R. Lee ("Lee").  Amended Complaint at ¶ 12.  Bulls-Hit is engaged in the production of vegetables for sale in interstate commerce.  *See id.* at ¶¶ 11-12.  Ronald Uzzle is a farm labor contractor who in exchange for money recruits, hires, employs or transports migrant agricultural workers for the harvest seasons.  *See id.* at ¶¶ 9-13.

According to Plaintiffs, they were "jointly employed" by Defendants Lee and Bulls-Hit and Defendant Uzzle.  Uzzle recruited Plaintiffs to work at the Bulls-Hit Ranch and Farm during the 2009 and 2010 potato harvest seasons, and supplied housing and transportation to Plaintiffs during this employment.  Amended Complaint at ¶¶ 30-32, 37.  Plaintiffs allege that in the terms and conditions of their employment the Defendants violated the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 *et seq.*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, Article X § 24 of the Florida Constitution, as implemented by the Florida Minimum Wage Act, Fla. Stat. § 448.110 *et seq.*, and the Trafficking Victims Protection Reauthorization Act ("TCPRA"), 18 U.S.C. § 1581.  With regards to the FLSA and the Florida Minimum Wage Act, Plaintiffs allege Defendants failed to pay Plaintiffs at least the applicable minimum wage for every hour worked.  Amended Complaint at  ¶¶ 65-70.  These violations are asserted to have occurred, in part, because of unlawful kickbacks that Plaintiffs were required to pay for rent, meals, loans and drug purchases.  *Id.*

## Analysis

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that Congress made the FLSA's provisions

mandatory and as such, they "are not subject to negotiation or bargaining between employers and employees" except in two narrow circumstances.  *Id.* at 1352 (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 65 S.Ct. 895, 902 (1945)).   The two circumstances are: (1) claims in which an employee accepts payment of unpaid wages supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c); and, (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b).  *Id.* at 1352-53.  In the second situation, when the parties to an FLSA action reach a settlement, the proposed settlement agreement must be scrutinized by the court and the court must determine whether it is a "fair and reasonable resolution of a *bona fide* dispute" of the FLSA issues.  *Id.* at 1354-55.

The terms of the proposed settlement provide Plaintiffs Smith, Nash and Grant are each due to be paid $2,500 in back wages and $2,500 in liquidated damages under the FLSA.  Settlement at ¶ 4(a)-(b). The Settlement amounts are agreed to in exchange for mutual releases and dismissals of the claims.[4]  *Id.*  In arriving at these figures, the  parties have agreed that for purposes of the settlement each of these Plaintiffs regularly worked forty (40) hours per week for Defendants throughout a two month (or eight week) period that is typical of the potato harvest season in any given year (*see* Doc. #19, Memorandum in Support of Joint Motion for Approval of [the] Settlement Agreement; hereafter identified as the "Memorandum").  Also for purposes of the settlement, the parties agreed that all

---

[4]Although Court approval is necessary to approve the Settlement as resolution to the FLSA claims, the Court notes the parties have mutually agreed these Plaintiffs will dismiss all of their claims against Bulls-Hit and Lee.  Thus, there is a specific release of the AWPA, FLSA, Florida minimum wage, and TCPRA claims between the Plaintiffs and Defendants party to the Settlement.

wages earned by Plaintiffs in the 2009 and 2010 harvest seasons were "consumed by unlawful deductions or take-backs."  Memorandum at 3.

The parties have not provided the Court with any work records, but counsel has averred that while some records exist to support Plaintiffs' claims, those records are not complete and the stipulation to forty-hour work weeks for each of the Plaintiffs represents the most Plaintiffs arguably would be entitled to receive under the FLSA.  All counsel agree these settlement amounts fully compensate Plaintiffs under the FLSA.

At the hearing, counsel for the parties averred minimum wage is what an agricultural worker would expect to earn in the jobs Plaintiffs performed.  During the potato harvest in May through June 2009, the minimum wage in Florida was $7.21 per hour.  *Florida Minimum Wage History 2000 to 2013*, Fla. Dept. of Economic Opportunity, http://www.floridajobs.org (search "minimum wage history") (last visited Jan. 11, 2013).[5]  The minimum wage in Florida was $7.25 per hour throughout the harvest in April through May 2010.  *See id.*  At these minimum wage rates, Plaintiffs could have expected earnings of $2,307.20 in 2009 and $2,320 in 2010.  Thus, the Settlement does not represent a compromise of Plaintiffs' claims under the FLSA.  *See Arroyo v. A&R Enterprise of Orlando, Inc.*, No. 6:11-cv-1005-Orl-36KRS, 2012 WL 253185 (M.D. Fla. Jan. 11, 2012) (full payment of back wages and liquidated damages is full compensation of all damages arguably due under the FLSA).  On these facts, the undersigned finds the Settlement between Plaintiffs Smith, Nash and Grant and Defendants Lee and Bulls-Hit, is both reasonable and fair to the Plaintiffs.

---

[5]The Court refers to public websites for informational purposes only.  The Court accepts no responsibility for and does not endorse any content found at such websites.

If the Settlement involved a compromise, the Court would be required to evaluate the fairness of the settlement agreement by examining: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of [Plaintiffs'] success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *See Dees v. Hydradry, Inc.*, 706 F.Supp. 2d 1227, 1241 (M.D. Fla. 2010) (citations omitted).  Although such scrutiny is not required, the Court notes nothing in the record suggest fraud or collusion behind the Settlement.  Throughout the pendency of this case, each Plaintiff has been represented by legal counsel that has significant experience in FLSA litigation.  Employees who are represented by an attorney who can protect their rights under the FLSA statute are more likely to submit a settlement that reflects a reasonable compromise of disputed issues.  *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.  Counsel for Plaintiffs has expressed Plaintiffs' desire to settle this case under the terms of the proposed settlement agreement.  "If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.  Rarely will the Court be in a position to competently declare that such a settlement is 'unreasonable'." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d at 1241.

With respect to attorney's fees and costs, the Eleventh Circuit has explained the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expenses for legal fees or costs.'" *Silva v. Miller*, 307 F. App'x. 349, 351 (11th Cir. 2009)[6] (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)).

---

[6]Unpublished opinions may be cited throughout this order as persuasive on a
(continued...)

When a settlement agreement includes an amount to be used to pay attorney fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. *Silva*, 307 F. App'x. at 351.  However, when the parties submit to the Court a proposed FLSA settlement in which the Plaintiffs have not compromised their claims, "the Court need not determine whether the attorneys' fees paid under the settlement agreement are reasonable." *Arroyo*, 2012 WL 253185 at *1 (citing *Bonetti v. Embarq Mgmt. Co.*, 715 F.Supp.2d 1222, 1226 n.6 (M.D. Fla. 2009)).

Here, the parties and counsel have agreed to resolve the matter of attorney fees and costs after the Court has approved the proposed settlement agreement. *See* Settlement at ¶ 4(c); Memorandum at 3-4.  The Court finds that the stipulation to independently negotiate and pay attorney fees and costs to Plaintiffs' counsel is fair and reasonable and does not affect the payment to Plaintiffs.  Although somewhat unusual in a FLSA case, there have been other instances in which the Court has been called upon to address the matter of attorney fees after having given approval to the proposed FLSA settlement for the parties.  *See, e.g., Nipper v. Lakeland Hotel Investors, Ltd.*, No. 8:10-cv-498-T-33EAJ, 2010 WL 4941718 (M.D. Fla. Nov. 30, 2010).  Moreover, during the recent hearing counsel indicated they will continue to negotiate separate and fair attorney fees and costs for the

---

[6](...continued)
particular point.  The Court does not rely on unpublished opinions as precedent.  Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P.  Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

work performed thus far in this case.  Counsel for Plaintiffs was given two weeks to present a statement of fees and costs to the Court, if the matter does not resolve beforehand. Defendants' counsel has been permitted two weeks to respond to any filing by Plaintiffs. The Court anticipates counsel will be able to resolve the matter of attorney fees and costs under the FLSA for this portion of the subject litigation.

## Conclusion

Plaintiffs' counsel and Defendants' counsel are unified in their opinions that dismissal of this part of the case under the proposed settlement agreement is in the best interests of their clients.  The undersigned sees no evidence of overreaching by the Defendants Lee and Bulls-Hit, and agrees that on the facts presented the proposed settlement agreement that the Settlement is a fair and reasonable resolution of *bona fide* disputes under the FLSA between parties represented by counsel.  *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354-55.

Accordingly, based on the foregoing, it is hereby respectfully **RECOMMENDED:**

1.      The parties' proposed Settlement Agreement (Doc. #18-1) be accepted by the District Court as a fair and reasonable resolution of *bona fide* disputes of FLSA issues.

2.      The District Court **GRANT** the parties Joint Motion for Approval of Settlement and Incorporated Memorandum of Law (Doc. #18), and **APPROVE** the parties' Agreement of Settlement and Release (Doc.# 18-1).

3.      The case be **DISMISSED without prejudice** as to all claims, individual and potential class-action, between Plaintiffs Smith, Nash and Grant, and Defendants Lee and Bulls-Hit, subject to the right of the parties to submit a stipulated form of final order or judgment, or request an extension of time should they so choose, or for any party to move to reopen

upon good cause being shown, within sixty (60) days of the date of the District Court's Order regarding this Report and Recommendation.  That after the sixty (60) day period, however, without further order, that the dismissal be deemed with prejudice.

4.      The District Court prohibit counsel for Plaintiffs from withholding any portion of the settlement amounts payable to Plaintiffs Smith, Nash and Grant under the settlement agreement pursuant to a contingent fee agreement or otherwise.

5.      The District Court retain jurisdiction to determine Plaintiffs' attorney fees and costs in this matter, if the parties are unable to agree without Court intervention.

        **DONE AND ORDERED** at Jacksonville, Florida this 11th  day of January, 2013.


_____
THOMAS E. MORRIS
United States Magistrate Judge


Copies to:

All counsel of record

The Honorable Marcia Morales Howard