**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

_____
                                          )
LEROY SMITH, DENNIS NASH, and             )
ALFONSO GRANT,                            )
individually and on behalf of all other   )
persons similarly situated,               )        CIVIL ACTION
                                          )
        Plaintiffs                        )        No. 3:12-cv-00449-MMH-TEM
                                          )
        v.                                )        CLASS ACTION
                                          )
BULLS-HIT RANCH AND FARM,                 )
THOMAS R. LEE, and RONALD UZZLE,          )
                                          )
        Defendants.                       )
_____)

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION**
**FOR ASSESSMENT OF ATTORNEY'S FEES AND COSTS AGAINST**
**DEFENDANTS THOMAS R. LEE AND BULLS-HIT RANCH AND FARM**

Plaintiffs request that Court determine and assess against defendants Thomas R. Lee

("Lee") and Bulls-Hit Ranch and Farm ("Bulls-Hit") plaintiffs' reasonable attorney's fees and

out-of-pocket costs in this action as provided by the Fair Labor Standards Act, 29 U.S.C. §

216(b).  Plaintiffs seek this determination and assessment pursuant to plaintiffs' settlement

agreement with Lee and Bulls-Hit currently pending the Court's approval.  *See* ECF No. 18-1 at

¶ 4.c.

## I.    BACKGROUND

On April 23, 2012, plaintiffs instituted this lawsuit against defendant Lee and his

company Bulls-Hit, and a third defendant, Ronald Uzzle, who is not a party to the above-

mentioned settlement agreement and who has no direct interest in this request for the Court's

determination and assessment of reasonable attorney's fees and costs.  Lee and Bulls-Hit are

engaged in potato farming and packing operations in St. Johns County, Florida, and defendant

Uzzle is a farm labor contractor who furnished Lee and Bulls-Hit with farm labor services.

1

Plaintiffs are migrant farmworkers jointly employed by defendants in either the 2009 or 2010 potato harvest seasons.  Plaintiffs brought this action to recover back wages and damages from defendants' alleged violations of the minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, Article X § 24 of the Florida Constitution, as implemented by the Florida Minimum Wage Act, Fla. Stat. § 448.110, the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801-1872, and the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§ 1581-1596.

Plaintiffs have entered into a settlement agreement with Lee and Bulls-Hit and the parties have jointly filed a motion seeking this Court's approval of the settlement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).  ECF No. 18.  The proposed settlement requires Lee and Bulls-Hit to pay a total of $15,000 to the three plaintiffs, each of whom is to receive $5,000 in full satisfaction of his claim for back wages and liquidated damages under the FLSA.  ECF No. 18-1 at ¶ 4.a.

The proposed settlement further requires Lee and Bulls-Hit to comply with provisions that regulate their farm labor contracting and employment practices in ways aimed at preventing future occurrences of violations alleged in the complaint.  Pursuant to these provisions, Lee and Bulls-Hit will no longer employ or do business with Uzzle or another individual central to the complained-of conduct; will not do business with farm labor contractors who are unlicensed or who have records of labor violations; will take direct responsibility for paying wages to their workers, rather than allowing wages to be paid by a farm labor contractor; and will cooperate with worksite visitations by legal outreach personnel. *Id.* at ¶¶ 6-11.

Plaintiffs' settlement with defendants Lee and Bulls-Hit does not resolve claims of reasonable attorney's fees and costs asserted by the plaintiffs pursuant to the fee and cost shifting provisions of the FLSA, 29 U.S.C. § 216(b).  Rather, the parties agreed to seek the Court's determination of costs and attorney's fees.  ECF No. 18-1 at ¶ 4.c.  On January 11, 2013, United States Magistrate Judge Thomas E. Morris issued a report and recommendation that this Court

grant approval of the settlement and that the Court retain jurisdiction to determine plaintiffs' attorney's fees and costs if the parties are unable to reach a negotiated resolution.  ECF No. 35.

## II.   ARGUMENT

### A.   Plaintiffs Are Entitled to Reasonable Attorney's Fees and Costs

Section 16(b) of the FLSA, 29 U.S.C. §216(b), mandates that in suits to recover unpaid minimum wages, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." This language has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *See Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (1lth Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases.").

In order to qualify as a prevailing party, a plaintiff must demonstrate a change in the legal relationship between himself and the defendant arising from the resolution of the lawsuit. *See Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782,792 (1989). Attorney's fees are due even if the plaintiff prevails through a settlement, rather than after a trial. *See Maher v. Gagne*, 448 U.S. 122, 129 (1980) ("[t]he fact that [plaintiff] prevailed through a judgment that was entered by settlement rather than through litigation does not weaken [plaintiff's] claim to fees."). Nor does the plaintiff need to obtain all the relief sought in the complaint to be entitled to fees. *See Koster v. Perales*, 903 F.2d 131, 134 (2d Cir. 1990) ("A plaintiff may be considered a prevailing party even though the relief ultimately obtained is not identical to the relief demanded in the complaint" so long as the relief obtained through settlement is of the "same general type" as requested in the complaint); *Lyte v. Sara Lee Corp.*, 950 F.2d 101, 104(2d Cir. 1991) (same).  Finally, it is not necessary for a defendant to admit liability in order for a plaintiff to be designated as the prevailing party.  In *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Res.*, 532 U.S. 598, 604 (2001), the Supreme Court

3

indicated that a consent judgment without an admission of liability by the defendant "[is] nonetheless . . . a court-ordered 'chang[e] [in] the legal relationship between [the plaintiff] and the defendant.'" *Id.* (quoting *Texas State Teachers Ass'n*, 489 U.S. at 792). Thus, in this case, plaintiffs are prevailing parties and entitled to fully compensatory attorney's fees and costs.

**B.      Plaintiffs' Counsel Are Entitled to a Reasonable Hourly Fee**

The starting point for determining the appropriate amount of an award of attorney's fees is found by multiplying the number of hours reasonably expended on a case by the reasonable or customary hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (1lth Cir. 1988). This "lodestar" amount "has become the guiding light of our fee-shifting jurisprudence." *See Perdue v. Kenny A. ex rel. Wynn*, ___ U.S. ___, 130 S.Ct. 1662, 1672 (2010). The lodestar method is normally used by courts to calculate a reasonable attorney's fee in FLSA cases. *See, e.g., Parness v. Piazza Benvenuto Ristorante, Pizzeria and Market, Inc.*, 2009 WL 1117362, at * 1 (S.D. Fla. Apr. 24, 2009). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *See Blum v. Stenson*, 465 U.S. 886, 895-96, n.11 (1984); *Norman*, 836 F.2d at 1299-1300.

**C.      Attorney's Fees Need Not Be Proportional to the Amount of
        Damages Recovered, Especially in FLSA Actions**

Courts have frequently recognized that fee awards should not simply be proportionate to the results obtained, "especially in the context of FLSA cases, where it is not uncommon for fee awards to exceed the plaintiffs recovery in order to ensure that individuals with relatively small claims can obtain representation necessary to enforce their rights." *See Williams v. R.W. Cannon, Inc.*, 657 F .Supp. 2d 1302, 1313 (S.D. Fla. 2009); *Edwards v. CFI Sales and Mktg., Inc.*, 2012 WL 3854067 at *9 (M.D. Fla., Aug. 20, 2012) (fee awards should not simply be proportionate to results obtained due to the "policies behind the FLSA" and "the nature of FLSA cases"). By nature, FLSA minimum wage and overtime cases are typically small damages cases. To limit

fees based on some form of proportionality with the judgment would effectively mean that most

such cases would never be brought:

> Many FLSA plaintiffs seek less than $10,000.00 in unpaid [minimum] wages (before doubling, if liquidated damages are warranted), but they must take their case to trial if a defendant denies liability or refuses to agree to a reasonable settlement. It is inconceivable that a plaintiff in a federal court would incur fees of less than $10,000.00 in a routine case involving several depositions, mandatory mediation, summary judgment motions, written discovery, trial preparation and trial.

> Framed by this practical reality, district courts . . . routinely award attorney's fees in FLSA cases in amounts significantly greater than the recovery. . . .

> Although a court may consider the amount of damages recovered in awarding attorney's fees, it should also be mindful that to reduce a fee on this basis may "prevent individuals with relatively small claims from effectively enforcing their rights and protecting the interest of the public."

*Screen v. Clean Image of Miami, Inc.*, 2012 WL 3001525 at *5 (S.D. Fla., July 23, 2012).

**D.     The Attorney's Fees and Costs Sought by Plaintiffs are Reasonable**

**1.     Time Devoted to the Litigation**

Plaintiffs' request for reasonable attorney's fees and costs is supported by the declaration

of Weeun Wang ("Wang Decl.") attached as Exhibit A to this memorandum. Mr. Wang, the

Director of Litigation for Farmworker Justice, a Washington, D.C.-based non-profit advocacy

organization that provides legal assistance to farmworkers, is an attorney with over 30 years of

experience, most of which he accumulated as a senior trial attorney with the Antitrust Division of

the United States Department of Justice. Since joining Farmworker Justice in May 2010, Mr.

Wang has been engaged in litigation throughout the country in federal actions seeking to

vindicate the rights of farmworkers under the FLSA, the Migrant and Seasonal Agricultural

Worker Protection Act, the Trafficking Victims Protection Reauthorization Act, and other

federal and state laws. Wang Decl. ¶¶ 3-4.

As noted in Mr. Wang's declaration, plaintiffs' request for attorney's fees has been

subjected to substantial billing judgment at multiple levels. At the outset, the request does not

include a significant amount of time devoted to the case by co-counsel Gregory S. Schell, a highly accomplished attorney with over 30 years of experience in handling migrant farmworkers' claims under the FLSA, the Migrant and Seasonal Worker Protection Act, and other federal and state laws that provide remedies for farmworker labor abuses. Wang Decl. ¶¶ 6-7.  The request also does not include over 56 hours of work performed by Nicholas Marritz, a Farmworker Justice staff attorney who worked on the case under Mr. Wang's supervision.  *Id* at ¶¶ 9-10.

As detailed in his declaration, Mr. Wang has devoted over 144.55 hours of his time to this litigation.  *Id.* at ¶ 14.  In accounting for his work, Mr. Wang reviewed his contemporaneous time and activity records and again applied billing judgment to eliminate any work that might be considered excessive, unnecessary, or duplicative.  *Id.* at ¶ 15.  In exercising such judgment, moreover, Mr. Wang excluded any and all time spent on clerical or ministerial tasks, such as printing emailed materials, copying documents, submitting and retrieving electronic court filings, and maintaining electronic and hard copy files.  *Id.*  In addition, Mr. Wang did not include time that he devoted to meetings or email communications with staff attorney Nicholas Marritz to provide Mr. Marritz with guidance and supervision on case-related assignments*.  Id*.

Finally, plaintiffs apply a 50 percent across the board reduction in Mr. Wang's time spent on the case, resulting in a total of 72.3 hours to be multiplied by the applicable hourly rate. Plaintiffs apply this reduction as a more than fair and reasonable apportionment of responsibility for attorney's fees to defendants Lee and Bulls-Hit, leaving the balance of such responsibility to defendant Uzzle.

> **2.     Hourly Rate for Determining Reasonable Attorney's Fees**

Based on Mr. Wang's experience and examination of the prevailing hourly rates charged by Florida attorneys of comparable experience, plaintiffs assert that $300 per hour is the appropriate rate with which to determine reasonable fees for the work that Mr. Wang performed in this case.  This hourly rate is well within the range of fees awarded in many recent decisions by Florida federal courts in FLSA actions.  *See, e.g.*, *Edwards*, 2012 WL 3854067 at *9

(approving hourly rate of $300 in FLSA action); *Screen*, 2012 WL 3001 525 at *3 ($325 per hour); *Zambrano v. Dom & Dom Pizza, Inc.*, 2012 WL 2921513 at *4 (S.D. Fla., July 17, 2012) (hourly rates of $325 and $300); *Rodriguez v. Super Shine & Detailing, Inc.*, 2012 WL 21 19865 at *3 (S.D. Fla., June 11, 2012) (hourly rates of $325 and $300); *Arloznyski v. ARS Nat'l Servs., Inc.*, 2012 WL 2793062 at *2 (M.D. Fla., June 5, 2012) ($350 per hour for attorney with 17 years' experience); *Marriott v. D & D Tractor & Truck Serv., Inc.*, 2012 WL 2 12773 1 at *3 (M.D. Fla., May 1, 2012) ($300 per hour for attorney with 11 years' experience); *Niebergall v. Goldleaf Soc'y of Florida, Inc.*, 2012 WL 1624265 at *3 (M.D. Fla., April 24, 2012) ($300 per hour for attorney with 11 years' experience); *Ibañez v. Marriott Ownership Resorts, Inc.*, 2012 WL 1820580 at *4 (M.D. Fla., April 24, 2012) ($350 per hour); *Barrera v. Oficina, Inc.,* 2012 WL 692212 at *2 (S.D. Fla., March 2, 2012) ($300 per hour).

The hourly rate of $300 is also in line with the billing rates for large Florida law firms as reported by the National Law Journal.  The December 17, 2012 edition of the National Law Journal reported partner billing rates of $250 to $635 per hour and associate billing rates of $190 to $370 per hour by the law firm Shutts & Bowen (attached as Exhibit B), while the December 19, 2011, edition reported partner billing rates of $320 to $815 per hour and associate billing rates of $190 to $380 per hour by the law firm Carlton Fields (attached as Exhibit C).

Moreover, and consistent with plaintiffs' willingness to exercise billing judgment, the hourly rate of $300 is very much on the low end of billing rates for law firms in Washington, D.C., the market in which Mr. Wang practices.  In this regard, the December 17, 2012, edition of the National Law Journal reported median partner billing rates of between $490 and $625 among the Washington, D.C. law firms Dickstein Shapiro, Hogan Lovells, Holland & Knight, and Patton Boggs; and median associate billing rates of between $310 and $465 among those same firms (see Exhibit B to this memorandum).

7

**3.      Total Fees Requested and Costs Incurred**

Plaintiffs request the Court to assess attorney's fees against Lee and Bulls-Hit in the amount of $21,682, based on the hourly rate of $300 and the total of 72.3 hours net of billing judgment, derived in the manner set forth above.

Plaintiffs also request the payment of out-of-pocket costs totaling $515.  These costs consist of the $350 court filing fee and $165 to effect service of process on defendants.  Wang Decl. ¶ 8.  Plaintiffs are entitled to out-of-pocket costs in suits to recover unpaid minimum wages under the FLSA.  29 U.S.C. § 216(b).

## III.      CONCLUSION

For the foregoing reasons, the Court should grant the plaintiffs' request for reasonable attorney's fees and costs as set forth in this memorandum.

Respectfully submitted,

/s/ Weeun Wang_____

Weeun Wang
Farmworker Justice
1126 16th Street NW, Suite 270
Washington, D.C. 20036
202-293-5420 (telephone)
202-293-5427 (facsimile)
wwang@farmworkerjustice.org

Gregory S. Schell (Florida Bar No. 287199)
Florida Legal Services, Inc.
Migrant Farmworker Justice Project
508 Lucerne Avenue
Lake Worth, FL 33460-3819
561-582-3921 (telephone)
561-582-4884 (facsimile)
greg@floridalegal.org

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| LEROY SMITH, DENNIS NASH, and ALFONSO GRANT, <br><br> individually and on behalf of <br> all other persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BULLS-HIT RANCH AND FARM, <br> THOMAS R. LEE, and RONALD UZZLE, <br><br> Defendants. | CIVIL ACTION <br><br> No. 3:12-cv-00449-MMH-TEM <br><br> CLASS ACTION |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 22, 2013, I caused the foregoing Memorandum in Support of Plaintiffs' Motion for Assessment of Attorney's Fees and Costs Against Defendants Thomas R. Lee and Bulls-Hit Ranch and Farm to be served via the court's ECF filing system, U.S. mail, and/or electronic mail, on the following counsel of record:

Mr. James Padgett
113 N 4th St
Palatka, FL 32177
padgettlaw1@aol.com

Mr. Gregory S. Schell
508 Lucerne Avenue
Lake Worth, Florida 33460-3819
greg@floridalegal.org

Mr. Ellis Peetluk
13820 St. Augustine Rd., Suite 113-284
Jacksonville, FL 32258
ellispeetluk@mac.com

Respectfully submitted this 22nd day of January, 2013,

/s/ Weeun Wang
Weeun Wang
FARMWORKER JUSTICE
1126 16th Street NW, Suite 270
Washington, DC 20036
202-293-5420 (telephone)
202-293-5427 (facsimile)
wwang@farmworkerjustice.org

9