# EXHIBIT

# A

PLAINTIFFS' MOTION FOR
ATTORNEY'S FEES AND COSTS AGAINST
DEFENDANTS LEE AND BULLS-HIT

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| LEROY SMITH, DENNIS NASH, and ALFONSO GRANT, individually and on behalf of all other persons similarly situated, | |
| Plaintiffs | CIVIL ACTION |
| | No. 3:12-cv-00449-MMH-TEM |
| v. | CLASS ACTION |
| BULLS-HIT RANCH AND FARM, THOMAS R. LEE, and RONALD UZZLE, | |
| Defendants. | |

DECLARATION OF WEEUN WANG
IN SUPPORT OF PLAINTIFFS' MOTION FOR ASSESSMENT
OF ATTORNEY'S FEES AND COSTS AGAINST DEFENDANTS
THOMAS R. LEE AND BULLS-HIT RANCH AND FARM

COMES NOW WEEUN WANG, who declares and states under the penalty of perjury as follows:

1. My name is Weeun Wang. I am co-counsel for the plaintiffs in this case.

2. I am the Director of Litigation for Farmworker Justice, in Washington, D.C. Farmworker Justice is a nationally recognized non-profit organization dedicated to improving the working and living conditions of farmworkers, who are among the most vulnerable and exploited members of our nation's economy. Farmworker Justice seeks to advance the interests of farmworkers and their families though litigation, legislative and administrative advocacy, and public education in the areas of immigration, labor rights, health and safety, and access to justice.

3. I joined Farmworker Justice in May 2010, and since that time I have been engaged in farmworker litigation throughout the country. In addition to the captioned case, I currently serve as co-counsel in *Jimenez v. GLK Foods* (Civ. No. 12-209, E.D. Wis. filed Feb. 29, 2012), a case in which over 70 migrant cabbage processing workers assert claims against a

1

Wisconsin sauerkraut producer for FLSA violations, violations of federal and state migrant labor laws, and breach of employment contracts; *Villalobos v. Calandri SonRise Farms*, (Civ. No. 12-2615 C.D. Cal. filed Mar. 28, 2012) an action brought by onion harvest workers on behalf of themselves and hundreds of similarly situated workers under the California Private Attorney General Act and the collective action provisions of the FLSA; and *Ruiz v. Fernandez and Western Range Ass'n*, (Civ. No. 11-3088, W.D. Wash. filed Sept. 2, 2011) representing migrant sheepherders alleging wage claims against a sheep rancher and the rancher association alleged to have jointly employer the workers, as well as labor trafficking claims against the rancher. Since joining Farmworker Justice, I have also assisted in federal appellate briefing in *Murillo v. SAMI* (No. 12-16272, 9th Cir. filed Nov. 11, 2011); *United Farmworkers v. NCGA* (No. 11-2235, 4th Cir. decided Dec. 21, 2012); and *Ramos-Barrientos v. Bland,* 661 F.3d 587 (11th Cir. 2011).

     4.     Before joining Farmworker Justice, I had retired from a career of over twenty-eight years in trial attorney positions with the Antitrust Division of the United States Department of Justice. My work with the Antitrust Division initially entailed staff level responsibilities in both criminal and civil antitrust enforcement. After my promotion to Senior Trial Attorney in the early 1990s, my work focused primarily on corporate mergers, acquisitions, and other business transactions of significant economic consequence. In this capacity I led or performed senior level assignments in numerous matters of antitrust concern, including *United States v. Ticketmaster and Live Nation* (Civ. No. 10-139, D.D.C. filed Jan. 21, 2010) (consent judgment required divestitures and enjoined anticompetitive practices in connection with merger in the entertainment and ticketing industries); *United States v. Altivity Packaging* (Civ. No. 08-400, D.D.C. filed Mar. 5, 2008) (divestitures ordered to remedy anticompetitive effects of merger of paperboard producers); *United States v. Professional Consultants Ins. Co.* (Civ. No. 05-1272, D.D.C. filed June 24, 2005) (enjoined collusive use of contractual limitations of liability among actuarial consulting firms); *United States v. Mountain Health Care* (Civ. No. 02-288) (W.D.N.C. filed Dec. 13, 2002) (resulted in dissolution of monopoly health care provider group); *United States v. UPM Kymmene* (Civ. No.03-2528, N.D. Ill. filed April 15, 2003) (litigated injunction of

anticompetitive transaction in paper industry); *United States v. NASDAQ* (Civ. No. 96-5313) (S.D.N.Y. filed July 19, 1996) (consent judgment enjoined collusive trading practices of stock exchange broker-dealers); *United States v. General Motors Corp.* (Civ. No. 93-530, D. Del. filed Nov. 16, 1993) (blocked proposed acquisition of heavy truck transmission manufacturer).

5. Since 1981, I have been admitted to the practice of law in Pennsylvania. I am also admitted to practice in the United States District Court for the Central District of California and in the United States Court of Appeals for the Eleventh Circuit. As an attorney with the United States Department of Justice, I appeared in civil matters before the United States District Courts for the District of Columbia, Northern District of Illinois, and Eastern District of Pennsylvania, and I conducted federal grand jury proceedings in the District of Columbia, the District of Arizona, the District of Colorado, and the Southern District of California. I graduated from Widener University Law School in 1981 and from the University of Delaware in 1975.

6. My co-counsel in this case is Gregory S. Schell, Managing Attorney of the Migrant Farmworker Justice Project of Florida Legal Services, Inc., based in Lake Worth, Florida. Mr. Schell's organization is a non-profit law firm dedicated to providing legal assistance to farmworkers. Mr. Schell has over 33 years of experience representing migrant farmworkers, including over 100 federal court actions involving claims under the Migrant and Seasonal Agricultural Worker Protection Act and the Fair Labor Standards Act. He received his law degree from Harvard Law School in 1979 and his undergraduate degree from Harvard College in 1976, and has been admitted to the practice of law in the states of Maryland and Florida, and in several federal district and appellate courts throughout the United States.

7. In the interest of promoting efficient and expeditious consideration of the plaintiffs' request for attorney's fees and costs, plaintiffs do not seek an award of attorney's fees for Mr. Schell in this case. Mr. Schell has nonetheless made substantial and invaluable contributions to the development and prosecution of this litigation, including his initial interview of the lead plaintiff, development of the factual and legal claims set forth in the complaint and amended complaint, review of all pleadings and other court filings, and consultation with co-

counsel with respect to all significant events and developments in the litigation. Based on records that I maintained with respect to my own work on this case, as set forth in paragraph 14 of this declaration, I estimate that Mr. Schell has devoted over 35 hours to this case just in consulting with me at various times in the litigation.

8. Plaintiffs do request an award of out-of-pocket costs incurred by Mr. Schell's organization in this litigation, consisting of the $350 court filing fee and $165 to effect service of process on defendants.

9. Representation of the plaintiffs in this case has also been significantly assisted by Farmworker Justice staff attorney Nicholas C. Marritz. Mr. Marritz has worked under my direct supervision since joining Farmworker Justice in March 2012. He is a 2011 graduate of the University of Washington School of Law, a 2004 graduate of the University of Pittsburgh, and admitted to the practice of law in California. At my direction, Mr. Marritz maintained detailed contemporaneous records of the time and work that he devoted to this case. From my review of these records, Mr. Marritz devoted over 56 hours on work relating to this case, including research on a range of legal issues, assistance in drafting pleadings, and support in negotiating the settlement agreement with defendants Lee and Bulls-Hit.

10. In the interest of promoting efficient and expeditious consideration of the plaintiffs' request for attorney's fees and costs, plaintiffs do not seek an award of attorney's fees for the work performed by Mr. Marritz in this case.

11. It is my belief that Florida counsel of my level of knowledge, training, and experience would charge not less than $300 per hour for the work I performed in this action as described in paragraph 14 of this declaration. This belief is based upon recent decisions by Florida federal courts in actions brought under the Fair Labor Standards Act. See, e.g., *Edwards v. CFI Sales &Mktg., Inc.*, 2012 WL 3854067 at *9 (M.D. Fla., Aug. 20, 2012) (approving hourly rate of $300 in FLSA action); *Screen v. Clean Image of Miami, Inc.*, 2012 WL 3001 525 at *3 (S.D. Fla., July 23, 2012) ($325 per hour); *Zambrano v. Dom & Dom Pizza, Inc.*, 2012 WL 2921513 at *4 (S.D. Fla., July 17, 2012) (hourly rates of $325 and $300); *Rodriguez v. Super

*Shine & Detailing, Inc.*, 2012 WL 21 19865 at *3 (S.D. Fla., June 11, 2012) (hourly rates of $325 and $300); *Arloznyski v. ARS Nat'l Servs., Inc.*, 2012 WL 2793062 at *2 (M.D. Fla., June 5, 2012) ($350 per hour for attorney with 17 years' experience); *Marriott v. D & D Tractor & Truck Serv., Inc.*, 2012 WL 2 12773 1 at *3 (M.D. Fla., May 1, 2012) ($300 per hour for attorney with 11 years' experience); *Niebergall v. Goldleaf Soc'y of Florida, Inc.*, 2012 WL 1624265 at *3 (M.D. Fla., April 24, 2012) ($300 per hour for attorney with 11 years' experience); *Ibañez v. Marriott Ownership Resorts, Inc.*, 20 12 WL 1820580 at *4 (M.D. Fla., April 24, 2012) ($350 per hour); *Barrera v. Oficina, Inc.*, 2012 WL 692212 at *2 (S.D. Fla., March 2, 2012) ($300 per hour).

12. An hourly rate of $300 is consistent with the billing rates for Florida law firms as reported by the National Law Journal. The December 17, 2012 edition of the National Law Journal reported partner billing rates of $250 to $635 per hour and associate billing rates of $190 to $370 per hour by the law firm Shutts & Bowen (*see* Exhibit B to Plaintiffs' Memorandum in Support of Motion for Assessment of Attorney's Fees and Costs ("Plaintiffs' Memorandum")), while the December 19, 2011, edition reported partner billing rates of $320 to $815 per hour and associate billing rates of $190 to $380 per hour by the law firm Carlton Fields (*see* Exhibit C to Plaintiffs' Memorandum).

13. An hourly rate of $300 is significantly lower than the billing rates for Washington, D.C., law firms, as reported by the National Law Journal. The December 17, 2012 edition of the National Law Journal reported median partner billing rates of between $490 and $625 among the law firms Dickstein Shapiro, Hogan Lovells, Holland & Knight, and Patton Boggs; and median associate billing rates of between $310 and $465 among those same firms (*see* Exhibit C to Plaintiffs' Memorandum).

14. As detailed below, based upon contemporaneous time and activity records that I have maintained, I have devoted a total of 144.55 hours to this case.

| Date | Description of work | Hours |
|---|---|---|
| 5/16/2011 | Review Greg Schell's memo of initial contact with Leroy Smith | 1.2 |
| 5/19/2011 | Call with Greg Schell re representation of Leroy Smith and need for follow-up interview of Smith | 0.75 |
| 5/20/2011 | Further discussions with Greg Schell re Bulls-Hit, Uzzle, and similar other cases filed against them and other FLCs in the Hastings area | 1.75 |
| 5/21/2011 | Review transcript of Uzzle depo from 2006 lawsuit brought by Greg Schell and Florida Rural Legal Services (Lisa Butler) | 1.5 |
| 6/7/2011 | Review draft retainer with Leroy Smith and prepare co-counseling agreement with Florida Legal Services | 1.2 |
| 6/8/2011 | Prepare for meeting with Leroy Smith; review 2003 Bulls-Hit complaint and 2006 Uzzle deposition testimony | 2.5 |
| 6/9/2011 | Meeting with Leroy Smith | 4.5 |
| 6/10/2011 | Prepare memo of meeting with Smith | 2.5 |
| 6/15/2011 | Call with Hastings contact re Ronald Uzzle activities and her contacts with farmworkers | 0.4 |
| 6/15/2011 | Call with Lisa Butler re her previous cases against Uzzle and Bulls Hit | 0.5 |
| 6/15/2011 | Call with Greg Schell re meeting with Smith, pre-complaint fact-finding, potential witnesses and complainants, and litigation planning | 1.75 |
| 6/21/2011 | Call with Colin Abbott, Florida Rural Legal Services, re potential FRLS assistance in pre-complaint fact-finding | 1.5 |
| 6/27/2011 | meeting with Leroy Smith | 3.5 |
| 6/27/2011 | Begin drafting complaint against Bulls-Hit, Lee, and Uzzle | 2 |
| 7/5/2011 | Call with Colin Abbott re pre-complaint fact-finding | 0.5 |
| 7/6/2011 | Continue drafting complaint | 2.75 |
| 7/18/2011 | Draft demand letter | 2 |
| 8/15/2011 | Review Greg Schell comments to draft complaint and demand letter | 2 |
| 8/16/2011 | Call with Greg Schell re draft complaint | 1.5 |
| 8/16/2011 | Revising draft complaint | 1.5 |
| 8/23/2011 | Call with Greg Schell and Colin Abbott re pre-complaint fact-finding | 1 |
| 9/7/2011 | Follow up call with Greg Schell and Colin Abbott | 0.5 |
| 12/27/2011 | Further research and analysis re human trafficking | 2.5 |
| 12/29/2011 | Revising draft complaint | 2 |
| 1/3/2012 | Contact Dennis Nash and conduct phone interview | 2.2 |
| 1/4/2012 | Draft memo of Nash interview | 2 |
| 2/3/2012 | Call with Greg Schell, Colin Abbott, and Rob Hornstein (Florida Coastal Laws School) re use of FCLS students in Hastings fact-finding | 1.2 |
| 2/21/2012 | Call with Hastings contact re interactions with area farmworkers and potential contacts with Uzzle/Bulls-Hit workers | 0.75 |
| 2/8/2012 | Revising and editing draft complaint | 2.5 |
| 3/28/2012 | Review Greg Schell comments to revised draft complaint | 0.5 |

| Date | Description | Hours |
|---|---|---|
| 3/29/2012 | Review Iqbal research, continue revisions to re draft complaint | 1.5 |
| 4/2/2012 | Edit and circulate revised draft complaint | 1.5 |
| 4/9/2012 | Call with counsel for Lee/Bulls-Hit, discussion re tolling agreement | 0.25 |
| 4/12/2012 | Prepare tolling agreement, send to Lee/Bulls-Hit counsel | 0.75 |
| 4/12/2012 | Call with Bulls-Hit counsel | 0.2 |
| 4/17/2012 | Final review and edits to complaint | 0.5 |
| 4/30/2012 | Call with Hastings contact | 0.25 |
| 4/18/2012 | Prepare motion for pro hac admission | 0.5 |
| 5/7/2012 | Call with Leroy Smith | 0.2 |
| 5/14/2012 | Phone interview of Robert Jones | 0.45 |
| 5/23/2012 | Call with Bulls-Hit counsel re potential settlement | 0.25 |
| 5/23/2012 | Call with Greg Schell re potential terms of settlement | 0.5 |
| 6/14/2012 | Call with Lee/Bulls-Hit counsel | 0.5 |
| 6/14/2012 | Draft and circulate settlement proposal | 1 |
| 6/20/2012 | Call with Bulls-Hit counsel re potential settlement | 0.5 |
| 7/6/2012 | Prepare motion for substituted service on Uzzle | 1.2 |
| 7/25/2012 | Call with Greg Schell re settlement proposal | 0.75 |
| 7/25/2012 | Review caselaw re issues raised in settlement proposal | 1.5 |
| 7/26/2012 | Confer with Leroy Smith re settlement proposal | 0.5 |
| 7/26/2012 | Confer via email with Lee/Bulls-Hit counsel | 5 |
| 7/26/2012 | Prepare motion for enlargement of time for class cert | 1.5 |
| 7/27/2012 | Phone interview of Alfonso Grant | 1.5 |
| 8/6/2012 | Follow-up phone interview of Alfonso Grant | 1.5 |
| 8/9/2012 | Draft Bulls-Hit settlement agreement and release | 2.5 |
| 8/13/2012 | Call with Bulls-Hit counsel re potential settlement | 0.5 |
| 8/13/2012 | Edit draft settlement agreement | 0.5 |
| 8/15/2012 | Draft motion for court approval of settlement | 2 |
| 8/27/2012 | Call with Bulls-Hit counsel, revisions to settlement agreement | 0.5 |
| 8/27/2012 | Call with Alfonso Grant | 0.25 |
| 8/31/2012 | Review and edit draft motion papers re joinder and amending complaint | 1.5 |
| 9/5/2012 | Finalize, sign, and obtain countersigned Lee/Bulls-Hit settlement agreement | 0.25 |
| 9/5/2012 | Draft motion papers for court approval of settlement | 2.5 |
| 9/6/2012 | Draft amended complaint | 3 |
| 9/10/2012 | Prepare motion papers for amending complaint | 1.5 |
| 9/11/2012 | Revise draft amended complaint | 1.2 |
| 9/18/2012 | Call from Roosevelt Williams, conduct intial interview, prepare and circulate interview notes | 1.2 |
| 9/18/2012 | Continue revisions to amended complaint | 1 |
| 10/9/2012 | Email with Bulls-Hit counsel re claims of Roosevelt Williams and Robert Jones | 0.25 |
| 10/9/2012 | Call with Bulls-Hit counsel re Williams and Jones | 0.5 |
| 10/10/2013 | Review memo re further interview of Williams | 0.5 |

| Date | Description | Hours |
|---|---|---|
| 10/12/2012 | Call with Greg Schell re Uzzle pro se contact | 0.4 |
| 10/17/2012 | Call with Leroy Smith | 0.75 |
| 10/18/2012 | Call with Bulls-Hit counsel | 0.5 |
| 10/18/2012 | Edit motion for enlargement of time for class cert motion | 0.5 |
| 10/22/2012 | Review court's order granting joinder and amending complaint | 0.25 |
| 10/22/2012 | Review and edit draft consent decree re potential settlement with Uzzle | 1.2 |
| 10/23/2012 | Revise motions for extension of time for class cert and for court approval of Bulls-Hit settlement | 0.5 |
| 10/24/2012 | Call with Greg Schell re pending motions and potential settlement with Uzzle | 1.2 |
| 10/24/2012 | Finalize and serve amended complaint, motions for extension of time for class cert and for court approval of Bulls-Hit settlement | 0.25 |
| 10/26/2012 | Draft and circulate potential terms of settlement with Uzzle | 0.75 |
| 11/2/2012 | Call with Uzzle attorney re possible settlement | 0.5 |
| 11/13/2012 | Call with Bulls-Hit counsel re hearing on motion for court approval of settlement | 0.2 |
| 11/13/2012 | Hearing on motion for court approval of settlement | 0.4 |
| 11/9/2012 | Begin drafting consent judgment to settle claims against Uzzle | 1.3 |
| 11/13/2012 | Call with Greg Schell re potential Uzzle settlement | 0.25 |
| 12/10/2012 | Rule 26 conf by phone with all counsel | 1 |
| 12/17/2012 | Draft and circulate Rule 26 report | 1.2 |
| 12/17/2012 | Draft motion for extension of time for motion for class certification | 1.75 |
| 12/18/2012 | Call with Uzzle's counsel re potential settlement | 25 |
| 12/24/2013 | Follow up with Uzzle's counsel re setttement terms | 0.5 |
| 1/2/2013 | Revising draft consent judgment to settle claims against Uzzle | 2.3 |
| 1/2/2013 | Calls with plaintiffs Smith, Nash, and Jones; left msg with Williams | 1.25 |
| 1/3/2013 | Calls with plaintiffs Nash and Grant | 0.7 |
| 1/3/2013 | Draft and circulate Uzzle consent judgment | 1.2 |
| 1/8/2013 | Prepare Rule 26(a) disclosure | 1 |
| 1/9/2013 | Revise and circulate draft Uzzle consent judgment | 0.25 |
| 1/9/2013 | Confer with Greg Schell re Rule 26 disclosure | 0.25 |
| 11/5/2012 | Email correpondence with Uzzle attorney | 0.2 |
| 1/10/2013 | Hearing on proposed Lee/Bulls-Hit settlement | 0.5 |
| 1/10/2013 | Call with Greg Schell re attorney's fees and costs | 0.5 |
| 1/10/2013 | Revise and send Rule 26(a) disclosure | 0.25 |
| 1/13/2013 | Review Magistrate's Report and Recommendation on Lee/Bulls-Hit Settlement | 0.15 |
| 1/14/2013 | Prepare declaration re motion for attorney's fees and costs in Lee/Bulls-Hit settlement | 2.2 |
| 1/16/2013 | Draft memorandum in support of motion for attorney's fees and costs | 1.5 |
| 1/17/2013 | Hearing with Magistrate Morris | .25 |
| 1/17/2013 | Edit declaration and memorandum re attorney's fees and costs | .75 |
| **Total** | | **144.55** |

15. In setting forth the time that I spent and work that I performed in paragraph 14 of this declaration, I reviewed my time and activity records carefully and sought to apply stringent billing judgment to eliminate any items that could potentially be considered excessive, unnecessary, or duplicative. In exercising such judgment, I excluded any and all time spent on clerical or ministerial tasks, such as printing emailed materials, copying documents, and submitting and retrieving filings in the Electronic Court Filing system. I also excluded time that I spent on meetings and email communications with Farmworker Justice staff attorney Nicholas Marritz that served primarily to provide Mr. Marritz with guidance or supervision on work that I assigned to him on this case.

I DECLARE UNDER PENALTY OF PERJURY that the foregoing declaration is true and correct, to the best of my knowledge and belief.

/s/ Weeun Wang

Director of Litigation
Farmworker Justice
1126 16th Street NW, Suite 270
Washington, D.C. 20036
202-293-5420 (telephone)
202-293-5427 (facsimile)
wwang@farmworkerjustice.org

January 22, 2013
Washington, D.C.