**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

_____
                                                            )
LEROY SMITH, DENNIS NASH, and            )
ALFONSO GRANT,                                       )
individually and on behalf of                         )
all other persons similarly situated,                )
                                                            )
            Plaintiffs,                                      )          CIVIL ACTION
                                                            )
v.                                                             )          No. 3:12-cv-00449-MMH-TEM
                                                            )
BULLS-HIT RANCH AND FARM,              )          CLASS ACTION
THOMAS R. LEE, and RONALD UZZLE,   )
                                                            )
            Defendants.                                   )
_____ )

**MEMORANDUM IN SUPPORT OF JOINT MOTION**
**FOR APPROVAL OF SETTLEMENT AGREEMENT**

            Plaintiffs and defendant Ronald Uzzle have jointly moved for Court approval of the settlement of plaintiffs'

claims against Uzzle in this action, as well as settlement of substantially the same claims of a third party claimant,

Roosevelt Williams.  A copy of the Settlement Agreement is submitted with the joint motion as Exhibit 1 thereto.

ECF No. 41-1.  The proposed settlement would be effected by the Court's entry of a Stipulated Final Judgment,

which is submitted with the joint motion as Exhibit 2 thereto.  ECF No.41-2.

## I.       INTRODUCTION AND BACKGROUND

            Plaintiffs Leroy Smith, Dennis Nash, and Alfonso Grant are migrant farmworkers who were employed by

defendant Ronald Uzzle, a farm labor contractor doing business in Hastings, Florida.  In 2009 and 2010, Uzzle

provided farm labor to defendant Thomas R. Lee, the owner and operator of defendant Bulls-Hit Ranch and Farm

(hereafter, defendants Lee and Bulls-Hit are collectively referred to as "Bulls-Hit"), a potato growing and packing

operation in St. Johns County, Florida.  Each of the plaintiffs worked for Uzzle and Bulls-Hit in either the 2009 or

2010 potato harvest seasons.  Plaintiffs brought this action in April 2012 to redress labor abuses that they suffered

while jointly employed by Uzzle and Bulls-Hit.  The complaint alleges violations of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201 *et seq.*, Article X § 24 of the Florida Constitution, as implemented by the Florida

Minimum Wage Act, Fla. Stat. § 448.110, the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C.

§ 1801 *et seq*., and the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1581.

The Court already has under consideration a proposed settlement between plaintiffs and Bulls-Hit. Joint Motion for Court Approval of Settlement Agreement, filed October 25, 2012, ECF No. 18. The terms of the Bulls-Hit settlement provide for full payment of wages and liquidated damages owed to each of the plaintiffs under the FLSA and additionally require Bulls-Hit to comply with provisions that regulate its use of farm labor contractors and its employment practices in ways aimed at preventing future occurrences of violations alleged in the complaint. ECF No. 18-1 at ¶¶ 4.a., 6-11. On January 11, 2013, United States Magistrate Judge Thomas E. Morris recommended that the Court approve this settlement. ECF No. 35.

After plaintiffs entered into the settlement with Bulls-Hit, defendant Uzzle engaged plaintiffs in settlement discussions, and coincidentally, Roosevelt Williams, another former employee of Uzzle and Bulls-Hit, contacted plaintiffs' counsel and asked to be included in the lawsuit. Williams presented claims of the same nature and substance as those alleged in the complaint, and Bulls-Hit's counsel confirmed that Williams was employed at Bulls-Hit's operations in the 2010 potato harvest season. Bulls-Hit declined, however, to re-open the settlement agreement to include Williams, and there is no agreement or understanding among the parties as to Bulls-Hit's continuing exposure to liability for Williams' claims.

Plaintiffs and defendant Uzzle engaged in settlement discussions shortly after plaintiffs reached settlement with Bulls-Hit. In these discussions, three considerations influenced plaintiffs' settlement objectives. First, plaintiffs sought to ensure that Williams be compensated to the same extent as the plaintiffs in the settlement with Bulls-Hit. Second, from the outset of these settlement discussions, Uzzle presented severely limited financial circumstances that tempered plaintiffs' expectations as to his overall ability to contribute to the recovery of monetary damages. Third, notwithstanding diminished financial expectations, plaintiffs pursued settlement with Uzzle because he was amenable to the imposition of injunctive provisions requiring substantial reforms in his farm labor contracting practices. The Settlement Agreement and proposed Stipulated Final Judgment, as described in detail below, effectively address each of these considerations.

## II.     THE PROPOSED SETTLEMENT

### A.     Monetary Terms

The Stipulated Final Judgment requires defendant Uzzle to pay a total of $10,000 in two $5,000 installments, one by the end of March 2013, and the second at the end of September 2013. ECF No. 41-2 at ¶ 11.

The proposed Judgment does not require Uzzle to pay attorney's fees or costs incurred in the action. By comparison, the Bulls-Hit settlement provided for a total recovery of $15,000, with $5,000 to be paid to each of three plaintiffs and reasonable attorney's fees and costs to be determined and assessed by the Court. ECF No. 18-1 at ¶ 4. Under the proposed Judgment, Uzzle's first $5,000 payment will compensate Roosevelt Williams for his FLSA claims in the same amount as each of the plaintiffs' FLSA recoveries in the Bulls-Hit settlement (ECF No. 41-2 at ¶ 11.a), while the second $5,000 will be divided equally among Williams and the plaintiffs to resolve all other claims (*id.* at ¶ 11.b.).

Plaintiffs agreed to accept a relatively modest financial settlement with Uzzle because of his financial constraints, in view of the cost effects of continued litigation on his financial condition, and, by avoiding a financial stalemate in the negotiations, to take advantage of opportunities for obtaining injunctive relief to prevent defendant from engaging in future labor abuses of the kind alleged in this action. When considered together with the settlement previously reached with Bulls-Hit, and in light of the injunctive relief that the settlement will have accomplished, plaintiffs believe that the financial settlement with Uzzle achieves a fair and reasonable outcome without undue expenditure of resources, and that a significantly better outcome could not have been reached through continued litigation.

**B.      Court Approval Requested for Settlement of FLSA Claims**

To the extent that the proposed settlement with defendant Uzzle seeks to resolve his liability under the FLSA, the settlement is submitted for the Court's approval. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also* ECF No. 19 (Memorandum in Support of Joint Motion for Court Approval of Plaintiffs' Settlement Agreement with Bulls-Hit). When called upon to review such a settlement, a court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *Id.* at 1354-55.

In this case, the Court's review of the Uzzle settlement should entail exactly the same analysis as presented in connection with the pending request for the Court's approval of the settlement with Bulls-Hit. Magistrate Judge Morris reviewed that settlement, found it fair and reasonable, and recommended that the Court approve it. Magistrate Judge Morris' Report and Recommendations ("Judge Morris' Report"), ECF No. 35 at 5, 8. The Bulls-Hit settlement was deemed fair and reasonable because the amounts to be paid to each plaintiff reflect full payment of all back wages and liquidated damages that may have been owed under the FLSA. *Id.* at 5.

-3-

As the financial settlement between defendant Uzzle and Roosevelt Williams presents identical factual circumstances, this settlement should likewise meet with the Court's approval.  In both the Bulls-Hit and Uzzle settlements, the amount of FLSA back wages and liquidated damages are calculated on the basis of assumptions, agreed upon for settlement purposes, that each claimant worked 40-hour workweeks over a two-month potato harvest season in either 2009 or 2010, and that all wages earned in this period were consumed by unlawful wage deductions or kickbacks.  *Compare* Plaintiffs' Settlement Agreement with Uzzle, ECF No. 41-2, at ¶ 5 *with* Plaintiffs' Settlement Agreement with Bulls-Hit, ECF No. 18-1 at ¶ 4.a. and Judge Morris' Report, ECF No. 35 at 5. With respect to Uzzle's financial settlement with the plaintiffs, further review under the FLSA is unnecessary because the plaintiffs are fully compensated for FLSA wages and liquidated damages under the Bulls-Hit settlement. *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1236-37 (M.D. Fla. 2010) (district courts must supervise FLSA settlements where there is a "bona fide dispute" as to the amount of wages owed, but "[i]f the employer pays the employee in full, including all wages owed and liquidated damages, the employee retains no uncompensated FLSA claim.").

C.      **Injunctive Relief**

As noted previously, the Stipulated Final Judgment includes a range of injunctive provisions aimed at preventing defendant Uzzle from engaging in conduct and business practices that gave rise to the labor abuses and violations alleged in this action.  Beginning in January 2014, Uzzle is prohibited from any involvement in the payment of wages to the workers that he furnishes to agricultural employers (referred to as Uzzle's "client-employers"), and will instead require the client-employers to pay the workers directly.  ECF 41-2 at ¶ 12.  Plaintiffs agreed not to require immediate imposition of this provision so as to allow Uzzle to complete farm labor contracts previously negotiated with client-employers.  Divorcing Uzzle from payroll activities is critical to curbing his ability to engage in future FLSA violations and other labor abuses stemming from his access to workers' earnings.  *See* First Amended Complaint, ECF No. 17, ¶¶ 42-44; *cf. Washington v. Miller*, 721 F.2d 797, 801-02 (11th. Cir 1983) (farm labor contractor misstated wage rates and amounts deducted from pay, made cash advances, and did not itemize deductions so as to allow workers to calculate their accuracy); *Leach v. Johnston*, 812 F. Supp. 1198, 1205 (M.D. Fla. 1992) (contractor failed to maintain records of amounts withheld from workers' weekly wages, including charges for illegal alcohol sales); *Strong v. Williams*, 1980 U.S. Dist. LEXIS 14185, 12-13 (M.D. Fla. Apr. 22, 1980) (contractor made numerous illegal deductions from workers' pay as part of his standard business practice and

did not keep records of amounts withheld); *Davis v. Fletcher*, 1978 U.S. Dist. LEXIS 18709, 3-5 (M.D. Fla. Mar. 29, 1978) (contractor loaned money to workers at usurious rates and failed to keep records of amounts withheld as payment).

Effective immediately upon entry of the Stipulated Final Judgment, Uzzle must (a) provide copies of the Amended Complaint in this action and copy of this Final Judgment to all prospective client-employers with whom Uzzle seeks to provide farm labor contracting services (*id.* at ¶ 13.a.); and (b) allow reasonable access by legal aid, social services, or other worker advocates to Uzzle's labor camp or other worker housing facilities (*id*. at ¶ 13.b.). The Stipulated Final Judgment also prohibits Uzzle from engaging in conduct or allowing his workers to suffer employment conditions alleged to have given rise to the violations of law alleged in this action and requires Uzzle to comply with all employer obligations under the Migrant and Seasonal Agricultural Worker Protection Act, the Trafficking Victims Protection Reauthorization Act, the FLSA, Florida wage payment laws, and all other applicable federal and state employment-related laws. *Id.* at ¶ 14.

With regard to his obligations to comply with applicable federal and state laws, Uzzle must: (a) make, keep, and preserve employment and wage and hour records (*id.* at ¶ 14.a.); (b) ensure that on paydays workers are provided with written statements of wages paid, rate of pay, hours worked, and other wage payment information (*id*. at ¶ 14.b.); (c) ensure that workers are paid when due (*id*. at ¶ 14.c.); (d) refrain from allowing workers to occupy unsafe or substandard housing (*id*. at ¶ 14.d.); refrain from lending money, extending credit, or advancing wages to workers (*id*. at ¶ 14.e.); and refrain from knowingly permitting the sale or distribution of alcohol or illegal drugs at any labor camp or other facility housing his workers (*id*. at ¶ 14.f.).

The Stipulated Final Judgment also provides that all current and future workers employed by Uzzle are beneficiaries of the injunctive remedies set forth in the Judgment, that such workers may institute any action or proceeding to enforce any terms of the Judgment or to seek damages for violations, and that Uzzle may not oppose on the basis of standing the right of any such worker to initiate any such action or proceeding. *Id*. at ¶ 15.   By its terms, the Judgment will expire ten years from the date of its entry. *Id*. at ¶ 10.

### III.      CONCLUSION

For the reasons stated above, the parties jointly and respectfully request that this Court approve the proposed Settlement Agreement.

Respectfully submitted,

/s/ Weeun Wang

_____

Weeun Wang
FARMWORKER JUSTICE
1126 16th Street NW, Suite 270
Washington, DC 20036
202-293-5420 (telephone)
202-293-5427 (facsimile)
wwang@farmworkerjustice.org

Gregory S. Schell (Florida bar No. 287199)
FLORIDA LEGAL SERVICES, INC.
MIGRANT FARMWORKER JUSTICE PROJECT
508 Lucerne Avenue
Lake Worth, Florida 33460-3819
561-582-3921 (telephone)
561-582-4884 (facsimile)
greg@floridalegal.org

Attorneys for Plaintiffs

/s/ Ellis Peetluk

_____

Ellis Peetluk
13820 St. Augustine Rd., Suite 113-284
Jacksonville, FL 32258
ellispeetluk@mac.com
904-355-0700 (telephone)
904-632-0060 (facsimile)

Attorney for Defendant Ronald Uzzle

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| _____ | ) |
| LEROY SMITH, DENNIS NASH, and | ) |
| ALFONSO GRANT, | ) |
| | ) |
| individually and on behalf of | ) |
| all other persons similarly situated, | ) |
| | ) |
|      Plaintiffs, | )      CIVIL ACTION |
| | ) |
| v. | )      No. 3:12-cv-00449-MMH-TEM |
| | ) |
| BULLS-HIT RANCH AND FARM, | )      CLASS ACTION |
| THOMAS R. LEE, and RONALD UZZLE, | ) |
| | ) |
|      Defendants. | ) |
| _____ | ) |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 14, 2013, I caused the foregoing Memorandum in Support of Joint Motion for Approval of Settlement Agreement to be served via the court's ECF filing system, U.S. mail, and/or electronic mail, on the following counsel of record:

Mr. James Padgett
113 N 4th St
Palatka, FL 32177
padgettlaw1@aol.com

Mr. Gregory S. Schell
508 Lucerne Avenue
Lake Worth, Florida 33460-3819
greg@floridalegal.org

Mr. Ellis Peetluk
13820 St. Augustine Rd., Suite 113-284
Jacksonville, FL 32258
ellispeetluk@mac.com

Respectfully submitted this 14th day of February, 2013,

/s/ Weeun Wang
Weeun Wang
FARMWORKER JUSTICE
1126 16th Street NW, Suite 270
Washington, DC 20036
202-293-5420 (telephone)
202-293-5427 (facsimile)
wwang@farmworkerjustice.org

-7-