UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

_____
                                                    )
LEROY SMITH, DENNIS NASH, and      )
ALFONSO GRANT,      )
individually and on behalf of      )
all other persons similarly situated,      )
      )
              Plaintiffs,      )      CIVIL ACTION
      )
v.      )      No. 3:12-cv-00449-MMH-TEM
      )
BULLS-HIT RANCH AND FARM,      )      CLASS ACTION
THOMAS R. LEE, and RONALD UZZLE,      )
      )
              Defendants.      )
_____ )

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE**

On February 14, 2013, defendants Thomas R. Lee and Bulls-Hit Ranch and Farm (collectively, "Bulls-Hit") filed a memorandum opposing plaintiffs' motion for court determination and assessment of reasonable attorney's fees and costs pursuant to plaintiffs' settlement agreement with Bulls-Hit. Under Federal Rule of Civil Procedure 12(f)(2), a party may move the court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Because Bulls-Hit's motion is both untimely and without merit, the court should strike Bulls-Hit's motion.

In the alternative, plaintiffs ask that the Court consider the points below in reply to Bulls-Hit's memorandum, as contemplated by Local Rule 3.01(c).

## I.   PROCEDURAL POSTURE

On October 25, 2012, plaintiffs and Bulls-Hit filed a joint motion for this Court's approval of their settlement. ECF No. 18. The Bulls-Hit settlement provides for full payment of wages and liquidated damages owed to each of the plaintiffs under the FLSA and requires Bulls-Hit to modify its employment practices in ways aimed at preventing future occurrences of violations alleged in the complaint. ECF No. 18-1 at ¶¶ 4.a., 6-11. Plaintiffs and Bulls-Hit further agreed to seek the Court's determination and assessment of costs and reasonable attorney's fees to be paid by Bulls-Hit pursuant to 29 U.S.C. § 216(b). *Id.* at ¶4.c. On January 11, 2013, United States Magistrate Judge Thomas E. Morris recommended that the Court approve the Bulls-Hit settlement. ECF No. 35. Magistrate

Judge Morris gave plaintiffs two weeks from the date of his recommendation to file a motion for determination and assessment of costs and fees, and permitted Bulls-Hit two weeks thereafter to file a response. *Id.* at 8. Plaintiffs filed their motion on January 22, 2013. ECF No. 40. Bulls-Hit did not file its opposition to plaintiffs' motion until February 14, 2013, nine days after it was to have been filed pursuant to the schedule set by Magistrate Judge Morris.

Shortly after plaintiffs entered into the settlement with Bulls-Hit, plaintiffs and another Bulls-Hit worker with substantially identical claims engaged in settlement discussions with defendant Ronald Uzzle, with whom Bulls-Hit had contracted to provide farm labor contracting services. On February 14, 2013, plaintiffs and Uzzle jointly moved the Court for approval of a settlement agreement with Uzzle. ECF No. 41. That same day, Bulls-Hit filed its opposition to plaintiffs' motion for reasonable attorney's fees and costs. ECF No. 43.

## II. BULLS-HIT'S MOTION IS UNTIMELY

Under this Court's Local Rules, a party opposing a motion must file its opposition within fourteen days after service of the motion upon the party. LR 3.01(b). Plaintiffs filed and served their motion for court assessment of attorney's fees and costs on January 22, 2013. ECF No. 39. Bulls-Hit filed its opposition on February 14, 2013—twenty-three days after the motion was served. ECF No. 43. Moreover, as noted above, Bulls-Hit filed its opposition nine days past the date required of it by Magistrate Judge Morris. Accordingly, Bulls-Hit's motion is untimely and should be stricken.

## III. BULLS-HIT'S MOTION LACKS MERIT

Bulls-Hit contends that plaintiffs are entitled to reasonable attorney's fees only for preparation of the complaint against Bulls-Hit, correspondence with Bulls-Hit's counsel, and preparation of the Bulls-Hit settlement agreement and related pleadings. ECF No. 43 at 3. All other attorney's fees, Bulls-Hit contends, should be Uzzle's sole responsibility. *Id.* at 4. As demonstrated in brief below, Bulls-Hit's motion lacks merit; should the Court opt not to grant plaintiffs' motion to strike, plaintiffs ask the Court's leave to file a reply memorandum pursuant to Local Rule 3.01(c) to expand upon these points.

Bulls-Hit's motion lacks merit because Plaintiffs have already taken its concerns into account in their motion for attorney's fees and costs. As plaintiffs' memorandum describes in detail, plaintiffs' counsel have exercised conscientious and thorough billing judgment on multiple levels throughout this litigation. ECF 40 at 5. Plaintiffs' counsel carefully reviewed time entries to ensure that the hours claimed were fair and reasonable, and plaintiffs do not seek any fees for time spent by two attorneys with significant participation in this litigation. *Id.* at

6. Plaintiffs then cut the remaining hours in half across the board, in order to accommodate Bulls-Hit's very concern about ensuring a fair and reasonable apportionment of responsibility for attorney's fees among all defendants. *Id.*

Despite plaintiffs' every effort to achieve a just apportionment of attorney's fees, Bulls-Hit objects to the disparate amounts payable to plaintiffs under the Bulls-Hit settlement and the amounts that plaintiffs negotiated with defendant Uzzle. However, Bulls-Hit's liability should not be diminished simply because its co-defendant does not have the ability to pay an equivalent amount. In any event, Bulls-Hit and Uzzle are jointly and severally liable for the harms plaintiffs suffered while working in their employ, and Bulls-Hit cites no authority for its view that attorney's fees in FLSA cases are to be apportioned in some other way. *Cf., e.g., Buchroeder v. 211 Tamiami Trail Realty Assoc., LLC*, 2012 U.S. Dist. LEXIS 83286 (M.D. Fla. June 15, 2012) (multiple FLSA defendants held jointly and severally liable for damages and attorney's fees); *Coughlin v. Martinis At The Port, Inc.*, 2011 U.S. Dist. LEXIS 114330 (M.D. Fla. Sept. 6, 2011) (same).

That plaintiffs settled with Uzzle for less money than that to be recovered from Bulls-Hit reflects plaintiffs' judgment as to the economic realities of the situation: Bulls-Hit has the financial capacity to pay, and Uzzle does not. Indeed, Uzzle has presented severely limited financial circumstances that tempered plaintiffs' expectations as to his overall ability to pay a significant damage award. *See* ECF No. 42 at 2. Notwithstanding the modest gain from the Uzzle settlement, plaintiffs cannot be faulted for reaching a disposition without further expenditure of resources on both sides, and avoiding the futility of obtaining a litigated judgment against a potentially judgment-proof defendant. And as important as any monetary recovery, plaintiffs succeeded in obtaining Uzzle's consent to be bound by injunctive remedies aimed at reforming his farm labor contracting practices and preventing repetition of the labor violations and abuses suffered by plaintiffs. Even so, plaintiffs have hardly let Uzzle off with a slap on the wrist; he has agreed to pay plaintiffs $10,000, in two installments due to his precarious finances.

In opposing plaintiffs' motion, Bulls-Hit contends that it is properly charged with only 23 of the total of 144 hours of work performed by plaintiffs' counsel. Rather than accept plaintiffs' across-the-board apportionment of equal responsibility among the defendants, Bulls-Hit would have the court adopt a very narrow view of counsel's work that should be attributed to Bulls-Hit. Even if the Court were to take Bulls-Hit's approach, however, fees chargeable to Bulls-Hit should include over 50 hours that plaintiffs' counsel devoted to intensive pre-complaint fact-finding and case development needed to support a multi-count complaint of significant factual complexity. *See* ECF No. 40-1(Declaration of Weeun Wang) at 6-7; ECF No. 1 (complaint). These additional 50 hours include interviews

of plaintiffs, efforts to locate potential witnesses, and review of pleadings and depositions in similar previous litigation against Uzzle and Bulls-Hit, including *Marshall v. Bulls-Hit*, No. 3:03-cv-01051-TJC (M.D. Fla., complaint filed Dec. 11, 2003) (attached hereto as Exhibit 1).  The Court should then also include over 25 hours of post-complaint work that plaintiffs' counsel performed on matters for which Bulls-Hit is as responsible as Uzzle, including interviews and consultations with two employee claimants who had not been identified at the time of the original complaint, drafting and filing a motion for joinder of an additional plaintiff, preparing and filing an amended complaint, preparing and filing motions for extensions of time for class certification pending the Court's consideration of the pending settlement proposals, and moving ahead with scheduling matters pending the approval of the settlements.  *See* ECF No 140-1 at 7-8.

Accordingly, if the Court were to adopt Bulls-Hit's approach to apportioning attorney's fees, Bulls-Hit would be jointly responsible for over 75 hours of work performed by plaintiffs' counsel in addition to the 23 hours for which it has accepted responsibility.  The total then comes to over 98 hours.  Billed at plaintiffs' requested rate of $300 per hour, Bulls-Hit's total responsibility for attorney's fees would be over $29,000.

Finally, plaintiffs object to Bulls-Hit's unsupported contention that plaintiffs' counsel are entitle d to only $200 per hour for their work on this case.  As addressed in detail in plaintiffs' previous memorandum, plaintiffs respectfully submit that $300 is an appropriate rate.  *See* ECF No. 40 at 6-7.  Plaintiffs also note that Bulls-Hit does not object to plaintiffs request for out-of-pocket costs that should be assessed in this case, regardless of the amount determined for attorney's fees.

### IV.  CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court strike Bulls-Hit's opposition to plaintiffs' motion for court determination and assessment of reasonable attorney's fees and costs.  In the alternative, plaintiffs respectfully ask that the Court consider the foregoing points in reply to Bulls-Hit's memorandum.


Respectfully submitted,


/s/ Weeun Wang

_____
Weeun Wang
FARMWORKER JUSTICE
1126 16th Street NW, Suite 270
Washington, DC 20036

-4-

202-293-5420 (telephone)
202-293-5427 (facsimile)
wwang@farmworkerjustice.org

Gregory S. Schell (Florida bar No. 287199)
FLORIDA LEGAL SERVICES, INC.
MIGRANT FARMWORKER JUSTICE PROJECT
508 Lucerne Avenue
Lake Worth, Florida 33460-3819
561-582-3921 (telephone)
561-582-4884 (facsimile)
greg@floridalegal.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

_____
LEROY SMITH, DENNIS NASH, and            )
ALFONSO GRANT,                           )
                                         )
individually and on behalf of            )
all other persons similarly situated,    )
                                         )
            Plaintiffs,                  )    CIVIL ACTION
                                         )
v.                                       )    No. 3:12-cv-00449-MMH-TEM
                                         )
BULLS-HIT RANCH AND FARM,                )    CLASS ACTION
THOMAS R. LEE, and RONALD UZZLE,         )
                                         )
            Defendants.                  )
_____   )

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 13, 2013, I caused the foregoing Memorandum in Support of Plaintiffs' Motion to Strike Bulls-Hit's Memorandum in Opposition to Plaintiffs' Motion for Attorney's Fees and Costs to be served via the court's ECF filing system, U.S. mail, and/or electronic mail, on the following counsel of record:

Mr. James Padgett
113 N 4th St
Palatka, FL 32177
padgettlaw1@aol.com

Mr. Ellis Peetluk
13820 St. Augustine Rd., Suite 113-284
Jacksonville, FL 32258
ellispeetluk@mac.com

Mr. Gregory S. Schell
508 Lucerne Avenue
Lake Worth, Florida 33460-3819
greg@floridalegal.org

Respectfully submitted this 20th day of February, 2013,

/s/ Weeun Wang
Weeun Wang
FARMWORKER JUSTICE
1126 16th Street NW, Suite 270
Washington, DC 20036
202-293-5420 (telephone)
202-293-5427 (facsimile)
wwang@farmworkerjustice.org