# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

_____
)
LEROY SMITH, DENNIS NASH, and  )
ALFONSO GRANT,  )
individually and on behalf of  )
all other persons similarly situated,  )
)
    Plaintiffs,  )      CIVIL ACTION
)
v.  )      No. 3:12-cv-00449-MMH-TEM
)
BULLS-HIT RANCH AND FARM,  )      CLASS ACTION
THOMAS R. LEE, and RONALD UZZLE,  )
)
    Defendants.  )
_____)

## PLAINTIFFS' RESPONSES TO INQUIRIES OF MAGISTRATE JUDGE MORRIS RELATING TO PLAINTIFFS' SETTLEMENT WITH DEFENDANT RONALD UZZLE

On April 17, 2013, United States Magistrate Judge Thomas E. Morris conducted a telephonic hearing relating to plaintiffs' settlement with and stipulated final judgment against defendant Ronald Uzzle, which are pending the Court's approval and entry.[1]  ECF No. 52 (Minutes of April 17 Hearing); ECF No. 41 (Plaintiffs' and Defendant Uzzle's Joint Motion for Approval of Settlement and Entry of Stipulated Final Judgment).  The parties sought the Court's approval of the settlement because it seeks to resolve claims against Uzzle arising under the minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

At the hearing, Judge Morris inquired about the status of Roosevelt Williams, a financial beneficiary of the settlement who is a former employee of defendants, with claims against them that are

_____
[1] The issues raised at the hearing relate only to defendant Uzzle and have no bearing on plaintiffs' separate settlement agreement with defendants Thomas R. Lee and Bulls-Hit Ranch & Farm, which Judge Morris recommended for the Court's approval on January 11, 2013.  ECF No. 35.  Plaintiffs are individuals of limited financial means and very much looking forward to the Court's approval of the Bulls-Hit settlement, which will enable them to receive significant sums in settlement of their monetary claims against the Bulls-Hit defendants.

substantively identical to those of the plaintiffs, but who had not been joined as a plaintiff in this action. ECF No. 52.  Judge Morris also inquired as to authority upon which it may enter the injunctive relief sought by the proposed stipulated judgment when there have been no findings of fact or admissions by the parties.  *Id.*  Plaintiffs respectfully respond to these inquiries as follows.

A.      **Status of Roosevelt Williams**

       1.      **Plaintiffs Submit Mr. Williams' Written Consent to Sue**

At the April 17 hearing, Judge Morris noted that Roosevelt Williams had not been made a party to this action, yet the settlement with defendant Uzzle includes terms that would resolve claims that may be brought by Mr. Williams.  Absent Mr. Williams' formal participation in this action, Judge Morris questioned the basis for the Court to supervise settlement terms involving Mr. Williams.

Under the FLSA, an action to recover damages for violations of the statute may be brought by plaintiff employees not only for and on behalf of themselves, but also for "other employees similarly situated."  29 U.S.C. § 216(b).  In order to participate in a FLSA action as a similarly-situated employee, however, the employee must "give his consent in writing and . . . such consent is filed in the court in which such action is brought."  *Id.*; *see also Prickett v. Dekalb County*, 349 F.3d 1294, 1296 (11th Cir. 2003).

As plaintiffs have previously indicated, Mr. Williams' claims against the defendants in this action are substantially the same as those of the named plaintiffs.  ECF No. 42 (Memorandum in Support of Joint Motion for Plaintiffs' Settlement Agreement with Defendant Uzzle) at 2.  As Judge Morris observed, however, to the extent that Mr. Williams is similarly situated with respect to the claims of the named plaintiffs, his participation in this action has not been supported by the filing of his written consent to join the action under 29 U.S.C. § 216(b).  To correct this filing deficiency, plaintiffs submit the attached representation agreement between Mr. Williams and plaintiffs' counsel (Exhibit A), in which Mr. Williams has consented to sue to recover damages sustained by him and other similarly-situated persons arising out of his employment with the defendants.  *See Riojas v. Seal Produce, Inc.*, 82 F.R.D.

613, 616-17 (S.D. Tex. 1979).  With this filing, the court may now resolve his claims.

      **2.**        **Alternatively, Plaintiffs Request Joinder of Mr. Williams as a Party Plaintiff**

To the extent any concerns remain about Mr. Williams' status, plaintiffs request leave of the

Court to join Mr. Williams as a plaintiff to this action under Rule 20 of the Federal Rules of Civil

Procedure.

Under Rule 20(a), two elements must be established for permissive joinder of a party: (1) a claim

for relief asserting joint, several, or alternative liability and arising from the same transaction, occurrence,

or series of transactions or occurrences, and (2) a common question of law and fact.  *Response Oncology,*

*Inc. v. The Metrahealth Ins. Co.*, 978 F. Supp. 1052, 1059 (S.D. Fla. 1997); *Sunpoint Securities, Inc. v.*

*Porta*, 192 F.R.D. 716, 719 (M.D. Fla. 2000).  In order to satisfy the first prong, the claims must be

logically related.  *Disparte v. Corporate Executive Board*, 223 F.R.D. 7, 10 (D.D.C. 2004).  The logical

relationship test is flexible because "the impulse is toward entertaining the broadest possible scope of

action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly

encouraged."  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).  Indeed, the purpose

of Rule 20(a) is "to promote trial convenience and expedite the final determination of disputes, thereby

preventing multiple lawsuits."  7 C.A.Wright, A. Miller & M. Kane *Federal Practice & Procedure* §

1652 (3d Ed. 2001); *see also U.S. ex rel. Finks v. Huda*, 205 F.R.D. 225, 228 (S.D. Ill. 2001).  For this

reason, the provisions of Rule 20 "are to be read as broadly as possible whenever doing so is likely to

promote judicial economy."  7 C.A.Wright, A. Miller & M. Kane *Federal Practice & Procedure* § 1653.

*See also Matthews Metal Products, Inc. v. RBM Precision Metal Products, Inc.*, 186 F.R.D. 581, 583

(N.D. Cal. 1999) (Rule 20(a) is construed liberally in order to promote the broadest scope of action

consistent with fairness to the parties); *DirecTV, Inc. v. Barrett*, 220 F.R.D. 630, 631 (D. Kan. 2004)

(joinder of parties strongly encouraged).

Both prongs of Rule 20(a) are easily met in this case because Mr. Williams' claims against

defendants are substantively the same as those of the plaintiffs. The second prong of Rule 20(a) requires

only that there be some common question of law or fact as to all of the plaintiffs' claims, not that all legal and factual issues be common to all the plaintiffs. 7 C.A. Wright, A. Miller & M. Kane *Federal Practice & Procedure* § 1653 (3d Ed. 2001) ("[R]ather, the rule permits party joinder whenever there will be at least one common question of law or fact"); *Disparte*, 223 F.R.D. at 10; *Jamison v. Purdue Pharma Co.*, 251 F. Supp. 2d 1315, 1322 (S.D. Miss. 2003) (the focus is on whether there is any overlapping proof or a common legal question.)

Here, the joinder of Roosevelt Williams is appropriate and desirable.  His claims are substantially identical to those of the current Plaintiffs.  At the April 17 hearing, defendants expressed no concerns about Mr. Williams' participation in this action, and indeed the settlement with defendant Uzzle explicitly recognizes and resolves his claims.  Joinder would not unreasonably delay this litigation; indeed, it would facilitate settlement and conserve the resources of the parties and the Court.  If joinder is denied, Mr. Williams would be required to file his own case before this Court, raising the same claims as presented in the current action.

## B.    Legal Authority for Entry of Proposed Judgment

As Judge Morris noted at the April 17 hearing, the parties' proposed stipulated final judgment is not based on findings of fact or admissions by the parties.  Indeed, the proposed judgment is a consent judgment, to which the parties have "consented to entry . . . without trial or adjudication of any issue of fact or law . . . and without any terms of [the judgment] constituting any evidence against or admission by any party as to any issue of fact or law."  ECF No. 41-2 para. 4.

As the Eleventh Circuit has held, findings of fact are not necessary to support entry of consent judgments. *Sizzler Family Steak Houses v. Western Sizzlin Steak House, Inc.*, 793 F.2d 1529, 1538 (11th Cir. 1986).  Rather, federal courts may enter and enforce consent judgments as part of their inherent powers.  *See id.*, citing *United States v. Scholnick*, 606 F.2d 160, 166 (6th Cir. 1979); *see also Bowater North America Corp. v. Murray Machinery, Inc.*, 773 F.2d 71, 77 (6th Cir. 1985) (entry of consent judgments without need of factual findings is based upon the inherent powers of the federal courts to

summarily enforce settlement agreements); *Angie's List, Inc. v. Ameritech Publ'g, Inc.*, 2010 U.S. Dist. LEXIS 67675 (S.D. Ind. July 7, 2010) (citing, *inter alia*, Wright and Miller, Federal Practice and Procedure, Civil 3rd § 2574 at p. 269 (2008); 9 James Wm. Moore, Moore's Federal Practice, Third Edition, § 52.11[2] (2010) (Dispensing with fact finding often occurs in cases where the judgment does not follow a trial upon the facts, but merely incorporates the terms of a consent decree. Findings are not required under these circumstances because there has been no trial on the merits, and the parties ordinarily cannot attack the decree on appeal)).   Indeed, as the *Sizzler* court explained, if the parties agree as part of their settlement not to have findings of fact entered, as is the case here, then a district court should not do so.   793 F.2d at 1538.

In *Sizzler*, the court determined that a judgment was not a true "consent judgment" because  (1) it was not proposed by the parties; (2) its language was formed by the court—the parties did not write the original or final draft; (3) there was no evidence that the parties ever signed any kind of settlement document or that they ever explicitly consented to be bound by any particular judgment; and (4) although the parties waived explicit findings of fact, they apparently did this for the convenience of the court, not because it was part of any settlement.  *Id.*   None of these factors is present in this case.  The proposed judgment to be entered against defendant Uzzle resulted from negotiations between the parties.  The parties crafted the settlement language.  The parties entered into a settlement agreement and explicitly consented to be bound by their terms of the proposed judgment.  And the parties' waiver of factual findings or admissions resulted from an arms-length negotiation, rather than a court's initiative.

For these reasons, the Court should consider and enter the proposed judgment in this case without regard to whether there are any findings of fact or admissions of any parties.

Respectfully submitted,


/s/ Weeun Wang
_____
Weeun Wang
FARMWORKER JUSTICE
1126 16th Street NW, Suite 270
Washington, D.C. 20036
202-293-5420 (telephone)
202-293-5427 (facsimile)
wwang@farmworkerjustice.org

Gregory S. Schell (Florida Bar No. 287199)
FLORIDA LEGAL SERVICES, INC.
MIGRANT FARMWORKER JUSTICE PROJECT
508 Lucerne Avenue
Lake Worth, Florida 33460-3819
561-582-3921 (telephone)
561-582-4884 (facsimile)
greg@floridalegal.org

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

_____
LEROY SMITH, DENNIS NASH, and
ALFONSO GRANT,                                    )
                                                  )
individually and on behalf of                     )
all other persons similarly situated,             )
                                                  )
            Plaintiffs,                           )         CIVIL ACTION
                                                  )
v.                                                )         No. 3:12-cv-00449-MMH-TEM
                                                  )
BULLS-HIT RANCH AND FARM,                         )         CLASS ACTION
THOMAS R. LEE, and RONALD UZZLE,                  )
                                                  )
            Defendants.                           )
_____

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 1, 2013, I caused the foregoing Plaintiffs' Responses to Inquiries of Magistrate Judge Morris Relating to Plaintiffs' Settlement With Defendant Ronald Uzzle to be served via the court's ECF filing system, U.S. mail, and/or electronic mail, on the following counsel of record:

Mr. James Padgett                          Mr. Gregory S. Schell
113 N 4th St                               508 Lucerne Avenue
Palatka, FL 32177                          Lake Worth, Florida 33460-3819
padgettlaw1@aol.com                        greg@floridalegal.org

Mr. Ellis Peetluk
13820 St. Augustine Rd., Suite 113-284
Jacksonville, FL 32258
ellispeetluk@mac.com

Respectfully submitted this 1st day of May, 2013,

/s/ Weeun Wang_____
Weeun Wang
FARMWORKER JUSTICE
1126 16th Street NW, Suite 270
Washington, DC 20036
202-293-5420 (telephone)
202-293-5427 (facsimile)
wwang@farmworkerjustice.org