UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LEROY SMITH, et al.,

    Plaintiffs,

vs.                                    CASE NO. 3:12-cv-449-J-15TEM

BULLS-HIT RANCH AND FARM,
THOMAS R. LEE, and RONALD UZZLE,

    Defendants.
_____

## REPORT AND RECOMMENDATION[1]

This case is before the Court on for issuance of a report and recommendation on the Joint Motion for Approval of Settlement and Entry of Stipulated Final Judgment (Doc. #41, "Second Joint Motion") and the Memorandum in Support of [the] Joint Motion for Approval of Settlement Agreement (Doc. #42, "Supporting Memorandum"), both of which were filed February 14, 2013. The Joint Motion, as presented, was problematic to the Court. Therefore, the undersigned held a telephonic hearing on April 17, 2013, to address the Court's concerns in this matter (*see* Doc. #52, "Clerk's Minutes").[2] Subsequently, at the Court's direction, Plaintiffs filed written responses

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

[2] The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a
(continued...)

to a number of inquiries from the Court (*see* Doc. #53, "Response"). Thus, this matter is ripe for consideration and ruling. For the reasons stated herein, the undersigned recommends the District Court grant the parties' Second Joint Motion, approve the proposed Agreement of Settlement and Release between opt-in Plaintiff Roosevelt Williams and Defendant Ronald Uzzle, and dismiss this case upon entry an amended stipulated final judgment.[3]

**Pertinent Background**

This suit was originally brought by two individual plaintiffs, on behalf of themselves and others similarly situated, alleging minimum wage violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, Article X § 24 of the Florida Constitution, as implemented by the Florida Minimum Wage Act, Fla. Stat. § 448.110 *et seq.*, the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 *et seq.*, and the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1581 (Doc. #1, Complaint). Plaintiffs alleged a failure of Defendants to pay minimum wages under state and federal law. *See id.* Plaintiffs further alleged Defendants violated fundamental employment rights and benefits under federal and state laws through illegal labor recruiting, illegal employment practices, and human trafficking activities. *Id.* Plaintiffs Leroy Smith and

---

[2](...continued)
transcript of the hearing is desired.

[3]Hereafter, the Court may refer to the individual parties by their sur-names and to Defendant Bulls-Hit Ranch and Farm, Inc., as "Bulls-Hit."

Dennis Nash initiated the litigation; Plaintiffs Alfonso Grant and Roosevelt Williams later opted-in to join the proposed class of persons similarly situated (*see* Docs. #12, #58).[4]

With the Court's permission, the Complaint was amended to expand the scope of the purported class of workers with whom Defendant Ronald Uzzle allegedly contracted to furnish as agricultural employees to Defendants during the relevant period (*see generally*, Doc. #17, Amended Complaint).[5] In this case, Plaintiffs intended to certify a class of individuals allegedly suffering the same injuries, but the enlarged deadline to certify the class expired without further request from Plaintiffs (*see* Doc. #31; Order extending the deadline to certify a proposed class to April 26, 2013).

On October 25, 2012, Plaintiffs Smith, Nash and Grant, and Defendants Bulls-Hit and Lee, sought the Court's approval of a proposed settlement agreement that provided full compensation to these three Plaintiffs under the FLSA, and "concurrently [satisfied] all claims for damages that Plaintiffs [had] made under the

---

[4] As shown by the history of the case as set forth in the docket report, Plaintiff Roosevelt Williams was joined to this action as an opt-in plaintiff late in the pretrial phase of the litigation. Whereas counsel sought the Court's approval of a settlement agreement between Williams and Defendant Uzzle prior to Williams' consent to join the case, the Court noted that only an individual with his consent in writing filed in a court may be a party plaintiff to a case alleging violations of the FLSA (*see* Doc. #57, Order dated May 17, 2013; Doc. #58, Florida Legal Services Attorney/Client Retainer Agreement).

[5] The undersigned respectfully recommends it is of no legal significance that Amended Complaint included Grant as a named plaintiff, while Williams later joined this action as an opt-in plaintiff.

Florida minimum wage laws, the AWPA, and the TVPRA" (Doc. #18, [First] Joint Motion for Approval of Settlement Agreement). Subsequent to a hearing before the undersigned, the [First] Report and Recommendation entered on January 11, 2013, recommending the proposed settlement agreement be approved under the strictures of the FLSA and *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).[6] On June 13, 2013, the District Court adopted the First Report and Recommendation approving the FLSA settlements to Smith, Nash and Grant (*see* Doc. #63, Order).

Plaintiffs Smith, Nash, Grant, and the then "third-party claimant" Roosevelt Williams, along with Defendant Uzzle, filed the Second Joint Motion on February 14, 2013. The undersigned conducted a telephonic hearing on April 17, 2013 (*see* Doc. #52, "Clerk's Minutes") to express the Court's concerns related to the Second Joint Motion and to hear counsel's argument. With leave, Plaintiffs filed a written response to the Court's inquiries pertaining to the proposed settlement agreement with Uzzle, the posture of Mr. Roosevelt Williams in this case, and the propriety of the proposed stipulated final judgment against Defendant Ronald Uzzle (*see* Doc. #53, "Plaintiffs' Brief"). Now that Williams has been made a party to this case as a named Plaintiff,

---

[6]The First Report and Recommendation may be found in the record at docket entry number 35. The parties requested the Court grant the [First] Joint Motion to Approve Settlement while leaving the matter of attorney fees to the parties for further discussion, which was recommended the District Court accept. Ultimately, the parties were able to resolve the attorney fees issue (against Defendants Lee and Bulls-Hit Ranch) without further involvement (see Doc. #50, Order dated March 21, 2013 granting a stipulated motion to withdraw the request for the Court to determine attorney fees).

pursuant to his retainer agreement with Plaintiffs' counsel, the Court is required to review the proposed settlement agreement (Doc. #41-1, "Settlement") for fair and reasonable resolution of a *bona fide* dispute under the FLSA pursuant to the *Lynns Food* precedent.

## **Analysis**

Settlement of Williams' FLSA Claim and Other Claims

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit explained that Congress made the FLSA's provisions mandatory, and as such, they "are not subject to negotiation or bargaining between employers and employees" except in two narrow circumstances. *Id.* at 1352 (citations omitted). The two circumstances are: (1) claims in which an employee accepts payment of unpaid wages supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c); and, (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Id.* at 1352-53. In the second situation, when the parties to an FLSA action reach a settlement, the proposed settlement agreement must be scrutinized by the court and the court must determine whether it is a "fair and reasonable resolution of a *bona fide* dispute" of the FLSA issues. *Id.* at 1354-55.

The terms of the second proposed settlement provide Plaintiff Williams shall be paid $2,500 in back wages and $2,500 in liquidated damages under the FLSA. Settlement at ¶ 5. The settlement amount is agreed to in exchange for mutual releases and dismissals of the claims. *Id.* In arriving at these figures, the parties

have agreed that for purposes of the settlement Williams regularly worked forty (40) hours per week for Defendants Uzzle, Bulls-Hit and Lee who jointly employed him throughout a two month (or eight week) period that is typical of the potato harvest season in any given year. *See* Memorandum in Support at 3-4. Also for purposes of the settlement, the parties agreed that all wages earned by Williams in the 2009 and 2010 harvest seasons were "consumed by unlawful deductions or take-backs." *Id*. These terms of settlement of the FLSA claim are identical to the terms provided in the proposed [First] Settlement Agreement, which were approved by the Court on June 13, 2013. *Cf.* First Report and Recommendation at 4-5.

As with Plaintiffs Smith, Nash and Grant, the parties have not provided the Court with any work records, but counsel previously averred that while some records exist to support Plaintiffs' claims, those records are not complete and the stipulation to forty-hour work weeks for each of the Plaintiffs represents the most Plaintiffs arguably would be entitled to receive under the FLSA. *See id.* Thus, Williams will be fully compensated under the FLSA.

The proposed settlement agreement is silent on the matter of attorney fees for resolution of the FLSA claim of Williams. In late February 2013, it appeared that Defendants Lee and Bulls-Hit had a notable disagreement over the lack of this provision in the proposed settlement of Williams' claims (*see* Doc. #47). Specifically, counsel for Lee and Bulls-Hit argued that because Uzzle was "not required to pay any attorney's fees and costs," the proposed settlements between Uzzle and Plaintiffs, as

6

set forth in the Stipulated Final Judgment and the settlement agreement between Williams and Uzzle, were not truly "fair and reasonable" insofar as Lee (and Bulls-Hit) would bear the full amount of the fees and costs while Uzzle was given "a free pass." *Id.* (emphasis in the original).  That disagreement, however, appears to have abated in late March when Plaintiffs' counsel and counsel for Lee and Bulls-Hit jointly agreed $13,015 would be paid by Lee and Bulls-Hit as reasonable attorney fees and costs for this litigation and advised the Court's involvement in this particular issue was no longer necessary (*see* Docs. #48, #49).

When the parties submit to the Court a proposed FLSA settlement in which the plaintiffs have not compromised their claims, "the Court need not determine whether the attorneys' fees paid under the settlement agreement are reasonable." *Arroyo v. A&R Enterprise of Orlando, Inc.*, No. 6:11-cv-1005-Orl-36KRS, 2012 WL 253185, at *1  (M.D. Fla. Jan. 11, 2012) (citing *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1226 n.6 (M.D. Fla. 2009)).  There is no compromise of Williams' FLSA claim, thus the Court need not scrutinize the issue of attorney fees any further.  *See id.* (full payment of back wages and liquidated damages is full compensation of all damages arguably due under the FLSA).  Moreover, "If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable. Rarely will the Court be in a position to competently declare that  such a settlement is 'unreasonable'." *Dees v. Hydradry, Inc.*, 706 F.Supp. 2d

1227, 1241 (M.D. Fla. 2010). Here, all parties have been represented by competent counsel throughout this suit and the Court has seen no sign of overreaching.

The proposed settlement agreement specifically provides for settlement and release of all Williams' claims arising out of the employment of Williams by Uzzle, jointly with Lee and Bulls-Hit, in the 2009 and 2010 potato harvest season, as well as claims of the same nature that Williams may assert against Uzzle. As Court review of settlement agreements is not mandated for the non-FLSA claims set forth in the Amended Complaint, it is respectfully suggested no finding on these claims is needed.

On these facts, the undersigned finds the Settlement between Plaintiff Williams and Defendant Uzzle is a reasonable and fair resolution of a bona fide dispute under the FLSA.

Stipulated Judgment

In exchange for mutual releases of all claims raised in the Amended Complaint between Plaintiffs and Defendants, the parties further have presented a proposed stipulated judgment (see Doc. #41-2, "Stipulated Final Judgment") that provides for additional monetary compensation to be shared among the four named Plaintiffs as settlement of the AWPA claims. See Stipulated Final Judgment at ¶¶ 3-4, 9, 11.[7] Further, pursuant to the terms of the Stipulated Final Judgment, Defendant Uzzle has

---

[7]Thus, in addition to having received settlement compensation of $5,000 each for the FLSA claims, Plaintiffs Smith, Nash, Grant and Williams will receive $5,000 in equal shares of $1,250 to resolve the AWPA claims. Stipulated Final Judgment at ¶ 11(b).

agreed to certain labor practices and reporting requirements. *See id.* at ¶¶ 12-14. With the agreement of the parties, the Stipulated Final Judgment will expire ten years from the date of entry. *Id.* at ¶ 10. Upon review, the undersigned finds the substance of the Stipulated Final Judgment represents a consensual agreement among the parties to resolve all disputes in this case, but some details in the document must be amended before approval and entry by the Court.

The Eleventh Circuit has expressly stated, "A consent judgment is not based upon findings of fact." *Sizzler Family Steak Houses v. Western Sizzlin Steak House, Inc.*, 793 F.2d 1529, 1538 (11th Cir. 1986). The *Sizzler*, court further noted if parties agree as part of their settlement not to have findings of fact, then a district court should not enter any. *Id.*; *see also* Fed. R. Civ. P. 52(a) (providing a court shall make findings of fact in those actions *tried by the court* upon the facts) (emphasis added). The proposed Stipulated Final Judgment in this case is a legitimate consent judgment between the parties; they negotiated the agreement and have expressed their desire to be bound by the terms. Thus the Court need not make findings of fact and is free to enter an amended stipulated, or consent, judgment that accurately states the parties to the case and the dates by which any payments or actions have or will take place.

While courts typically disfavor general release clauses in "plain vanilla" FLSA settlement agreements, this litigation clearly is outside the scope of a plain vanilla FLSA case. *See Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM,

9

2012 WL 868804, at *6 (M.D. Fla. Mar. 14, 2012) (finding a FLSA settlement agreement containing a general release of claims acceptable in the instance where the defendant asserted numerous counterclaims against a particular plaintiff); *DeGraff v. SMA Behavioral Health Services, Inc.*, --- F.Supp.2d ----, No. 3:12–cv–733–J–32TEM, 2013 WL 2177984, at *3-4 (M.D. Fla. Mar. 05, 2013). Here, Plaintiffs' claims stated in the Amended Complaint extend well beyond simple allegations that they were not paid commensurate with the minimum wage standard or for their overtime work. As noted earlier, Plaintiffs also assert violations of the AWPA, the Florida Minimum Wage Act, and the TVPRA. Therefore the general releases stated in the Stipulated Final Judgment fall outside the scope of a typical, plain vanilla FLSA case and should be permitted as agreed by the parties.

In addition, stipulated judgments similar in nature to the one at issue have been approved by courts in the Middle District of Florida, albeit in a context other than one alleging violations of the FLSA, the AWPA, or the TVPRA . For example, in the matter of the *United States v. Federation of Surgeons and Specialists, Inc.*, a civil action involving alleged violations of the Sherman Act, 15 U.S.C. § 1, the final judgment was entered with the parties' express consent, no findings of fact or law by the court, and with provisions spelling out specific terms of injunctive relief, notification requirements and a compliance program. *United States v. Federation of Surgeons and Specialists, Inc.*, No. 99-167-T-17F, 1999 WL 1210842 (M.D. Fla. Jun. 1, 1999); *see also State of Fla. v. HCA, Inc.,* No. 2:03CV177FTM29DNF, 2002 WL 32116840 (M.D. Fla. Apr. 23, 2002) (entering a final consent judgment in a Sherman Act case,

in which monetary payments and injunctive relief were provided and the judgment was set to expire in five years unless extended by the State of Florida for an additional five years due to a claimed violation); *United States v. City Linen, Coat & Apron Supply Serv., Inc.*, No. 76-1559-Civ-CA, 1979 WL 1746 (S.D. Fla. Nov. 21, 1979) (entering a consented final judgment setting forth agreed actions to be taken by the parties and providing for expiration of the judgment ten years after the date of entry). In another civil action involving a dispute under the Clayton Act, 15 U.S.C. § 18, the court entered a consented final judgment without any trial or adjudication, but including specific provisions of injunctive relief and compliance determinations. *See United States v. American Maize-Products Co.*, No. 81–1232–Civ–J–M, 1983 WL 315 (M.D. Fla. 1983). Thus, the substance of the proposed final judgment is sound and should be accepted by the Court.

In this instance, however, the proposed Stipulated Final Judgment contains language that is no longer valid and should be updated to reflect the current facts in this case. When the Second Joint Motion was filed on February 14, 2013, Mr. Williams was not a party to this action and no independent information about him provided for the Court to assert jurisdiction over his person. Further, at least one of the dates stated for payment of the monetary sums set forth in the Stipulated Final Judgment has passed and the Court has not been informed if that installment of $5,000 has been paid to Williams. *See* Stipulated Final Judgment at ¶ 11(a). Therefore, the undersigned finds the parties should be required to submit a new proposed stipulated final judgment that is the same in form and content to the

document submitted with the Second Joint Motion, except that Mr. William be correctly identified as a plaintiff in this case and the details surrounding payment of the monetary amounts be corrected to state accurate and current facts.

## Conclusion

Accordingly, based on the foregoing, it is hereby respectfully **RECOMMENDED** the District Court **GRANT in part** the parties' Joint Motion for Approval of Settlement and Entry of Stipulated Final Judgment (Doc. #41) as set forth below.

1. The parties' proposed Settlement Agreement between Williams and Uzzle be accepted by the District Court as a fair and reasonable resolution of a *bona fide* dispute of FLSA issues, but the Court need not approve the settlement agreement as a whole or reserve jurisdiction to enforce it. *See, e.g., Martinez v. Mills Ave. Octopus Car Wash, Inc.*, No. 6:12-cv-448-Orl-22KRS, 2012 WL 3041103, at *2 (M.D. Fla. July 23, 2012), adopted at 2012 WL 3043103 (recommending the district court approve a FLSA settlement as fair and reasonable, but recommending the district court not approve settlement agreement as a whole or reserve jurisdiction to enforce the settlement agreement).

2. The parties be required to submit a revised Stipulated Final Judgment, in conformance with the discussion contained herein.

3. The Court prohibit counsel for Plaintiffs from withholding any portion of the settlement amounts payable to Plaintiffs Smith, Nash, Grant and Williams under the settlement agreements pursuant to a contingent fee agreement or otherwise.

4. Upon receipt and approval of the revised Stipulated Final Judgment, the judgment be entered and the case be **DISMISSED without prejudice** as to all claims, individual and potential class-action, between Plaintiffs Smith, Nash, Grant and Williams, and Defendants Lee and Bulls-Hit, subject to the rights of the parties to move to reopen upon good cause being shown, within sixty (60) days of the date of the District Court's entry of the revised Stipulated Final Judgment. That after the sixty (60) day period, however, without further delay, the dismissal be deemed with prejudice.

**DONE AND ENTERED** at Jacksonville, Florida this 28th day of June, 2013.

Copies to:

All counsel of record

The Honorable William J. Castagna

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge