UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LEROY SMITH, DENNIS NASH,
ALFONSO GRANT and ROOSEVELT
WILLIAMS, individually and on
behalf of all other persons
similarly situated,

        Plaintiffs,

v.                         Case No. 3:12-Cv-449-J-15TEM

BULLS-HIT RANCH AND FARM,
THOMAS R. LEE, and
RONALD UZZLE,

        Defendants.
_____/

**AMENDED STIPULATED FINAL JUDGMENT
AGAINST DEFENDANT RONALD UZZLE**

A.   Background

    1.   Plaintiffs Leroy Smith, Dennis Nash, Alfonso Grant brought this lawsuit against defendants Bulls-Hit Ranch and Farm ("Bulls-Hit"), Thomas R. Lee, and Ronald Uzzle alleging violations of the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801 et seq., the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1581, the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and Article X § 24 of the Florida Constitution, as implemented by the Florida Minimum Wage Act, Fla. Stat. § 448.110.  Plaintiff Roosevelt Williams joined this action pursuant to 29 U.S.C. § 216 and this Court's order of May 17, 2013 (ECF No. 57).

    2.   The Amended Complaint in this action alleges that the above-referenced violations arose out of the plaintiffs' employment by defendant Uzzle, a farm labor contractor, and by defendants

Bulls-Hit and Lee, operators of potato farming and packing operations near Hastings, St. Johns County, Florida, to whom Uzzle furnished farm labor contracting services in the 2009 and 2010 potato harvest seasons.

3. Plaintiffs Smith, Nash, and Grant and defendants Bulls-Hit and Lee entered into a settlement agreement pursuant to which Bulls-Hit and Lee agreed, among other things, to fully compensate plaintiffs Smith, Nash, and Grant for all claims of unpaid wages and liquidated damages alleged to be owed to them under the Fair Labor Standards Act. This settlement agreement was approved by the Court on June 14, 2013 (ECF No. 63) and resolved all claims against Bulls-Hit and Lee.

4. After plaintiffs Smith, Nash, and Grant entered into their settlement agreement with defendants Bulls-Hit and Lee, and after plaintiff Williams joined this action, plaintiffs and defendant Uzzle agreed to resolve all claims against Uzzle in this action pursuant to the terms of this Final Judgment. Plaintiffs and Uzzle accordingly consent to the entry of this Final Judgment, without trial or adjudication of any issue of fact or law in this action, and without any terms of this Final Judgment constituting any evidence against or admission by any party as to any issue of fact or law.

5. This Court has reviewed the terms of this Final Judgment in light of the pleadings in this action and now approves this Final Judgment.

6. NOW THEREFORE, before any testimony is taken, without

trial or adjudication of any issue of fact or law, and upon consent of the plaintiffs and defendant Uzzle, it is ORDERED, ADJUDGED AND DECREED:

B.   **General Provisions**

7.   This Court has jurisdiction over the subject matter of and the parties to this action. This Court shall retain jurisdiction over this Final Judgment for all purposes until the expiration of defendant Uzzle's obligations as set forth herein.

8.   All terms of this Final Judgment are binding upon defendant Uzzle and his successors and assigns.

9.   This Final Judgment constitutes the full and exclusive terms by which all claims in this action against defendant Uzzle are resolved. No waiver, modification, or amendment of any provision of this Stipulated Final Judgment shall be effective unless made in writing, approved by all parties to the judgment, and filed with the Court.

10.   This Final Judgment shall expire ten (10) years after the date of its entry.

C.   **Monetary Terms**

11.   Defendant Uzzle will pay the total sum of $10,000, to be paid in two installments as provided below.

   a.   Defendant Uzzle has tendered a first installment of $5,000. This payment is to compensate Roosevelt Williams, a claimant represented by plaintiffs' counsel who was not a party to this action at the time plaintiffs Smith, Nash, and Grant entered into the settlement agreement with defendants

Bulls-Hit and Lee.  Mr. Williams' claims are identical to those of the plaintiffs stemming from his employment by the defendants in 2010.  With this payment, Mr. Williams is compensated for claims against the defendants for unpaid wages and liquidated damages under the Fair Labor Standards Act to the same extent as the plaintiffs Smith, Nash, and Grant under the terms of plaintiffs' settlement with Bulls-Hit and Lee.

   b.   A second installment of $5,000 is to be paid by no later than September 30, 2013.  This amount will be paid to plaintiffs Smith, Nash, Grant, and Williams in equal shares of $1,250 each, to resolve their claims under the Migrant and Seasonal Agricultural Worker Protection Act.  All other claims against Uzzle in this action will be resolved upon Uzzle's payment in full of all of the amounts called for in this Final Judgment.

D.   **Injunctive Relief**

   12.  With respect to any and all farm labor services contracts or arrangements in which defendant Uzzle may engage with any farm or packing house operator or any other person or entity utilizing Uzzle's services as a farm labor contractor and thereby employing any of Uzzle's workers (any such person or entity hereafter referred to as Uzzle's "client-employer") at any time after January 1, 2014:

   a.   Uzzle will arrange for the client-employer to pay wages directly to all workers furnished by Uzzle to the

4

client-employer, and for such wage payments to be made by check drawn on the client-employer's account.

   b.   Uzzle will have no involvement in paying workers other than to maintain and provide the client-employer with wage and hour and other employment information and records necessary for the client-employer to calculate and prepare workers' paychecks, and will refrain from any direct or indirect involvement in cashing paychecks for workers.

   c.   To the extent that Uzzle may seek payment from workers for lodging and meals provided to the workers, Uzzle may arrange for the client-employer to deduct from workers' paychecks amounts to be paid to Uzzle for such lodging and meals, provided that workers consent to such deductions in writing and such amounts charged by Uzzle are reasonable and documented as required by law.  Uzzle will not seek deductions from workers' paychecks for any other purposes.

13.   Effective immediately upon entry of this Final Judgment, defendant Uzzle will comply with the following provisions:

   a.   Uzzle will provide a copy of the Amended Complaint in this action and a copy of this Final Judgment to all prospective client-employers to whom Uzzle seeks to provide farm labor contracting services.

   b.   Uzzle will allow reasonable access by legal aid, social services, or other worker advocates to any labor camp or other facility housing workers employed by Uzzle.  In this regard, reasonable access includes unannounced visitations of

a facility during any daylight hours and up to 10:00 p.m., as well as unfettered and unmonitored visitations with any workers at the facility who may choose to communicate with any such advocates.

14.   Effective immediately upon entry of this Final Judgment, defendant Uzzle will not engage in conduct or allow his workers to suffer employment conditions alleged to have given rise to the violations of law set forth in the Amended Complaint, and will comply in all other respects with employer obligations under the Migrant and Seasonal Agricultural Worker Protection Act, the Trafficking Victims Protection Reauthorization Act, the Fair Labor Standards Act, Florida wage payment laws, and all other federal and state employment-related laws.   In particular connection with the obligations set forth in this paragraph, but in no way limiting any such obligations, Uzzle will:

a.   Make, keep, and preserve for three years data showing for each workweek the following information for each of his workers: the worker's name, permanent address if provided, Social Security number, and for each client-employer for whom the worker was furnished, the client-employer's name, address, and Internal Revenue Service employer identification number, the total hours worked for the client-employer on a daily basis, the piece-rate or hourly rate paid, the number of piece-work units earned, the total pay period earnings, any withholdings from wages paid, and the purpose for each such withholding.

b.    Provide, or require client-employers to provide, to each of his workers at each payday a written statement relating to his or her employment during the pay period showing the following information: the client-employer's name, address, and Internal Revenue Service employer identification number, the total hours worked on a daily basis, the piece-rate or hourly rate paid, the number of piece-work units earned, the total pay period earnings, and any withholdings from wages and the purpose for each such withholding.

c.    Pay when due, or require client-employers to pay when due, all wages earned by the workers.  For purposes of this provision, "wages" includes any Social Security taxes due under the Federal Insurance Contributions Act and any unemployment compensation taxes due under federal or state law.

d.    Refrain from permitting any worker to occupy any labor camp or other housing facility owned, controlled, or operated by Uzzle without first obtaining a certification from an appropriate health authority that the facility complies with applicable state and federal safety and health standards, and ensure continuing compliance with such standards at all times while the facilities are occupied.

e.    Refrain from lending money, extending credit, or advancing prospective wages to workers, as well as refrain from permitting any supervisor or crew leader employed by

Uzzle to engage in any such money lending or credit activities.

f. Refrain from knowingly permitting any person to engage in any sale of alcohol or any sale or distribution of illegal drugs or other controlled substances at any labor camp or other facility owned, controlled, or operated by Uzzle to house workers.

15. All current and future workers employed by defendant Uzzle are beneficiaries of the injunctive remedies set forth in this Final Judgment and accordingly may institute any action or proceeding to enforce any of the terms of this Final Judgment or to seek damages for any violations of this Final Judgment. Uzzle may not therefor oppose on the basis of standing the right of any such worker to initiate any such action or proceeding.

DONE AND ORDERED at Tampa, Florida, this 23rd day of July, 2013.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE